CONSUMERS UNITED INSURANCE COMPANY, Appellee,

v.

BUSTAMANTE et al., Appellants.

[Cite as *Consumers United Ins. Co. v. Bustamante* (1996), 117 Ohio App.3d 118.]

Court of Appeals of Ohio,
Eighth District, Cuyahoga County.

No. 69269.

Decided Dec. 30, 1996.

*Baker & Hostetler, R. Timothy Coerdt* and *Orlando E. Smith,* for appellee.

*Dennis A. Matejka,* Assistant Director of Law, for the city of Cleveland.

*Michael T. Bustamante, Sonali B. Wilson, Mark P. Herron* and *John A. Ghazoul,* for appellants.

---

O'DONNELL, Presiding Judge.

J.W. Andre Bustamante and John H. Bustamante separately appeal the decision of the common pleas court granting summary judgment in favor of Consumers United Insurance Company on its claims for fraud and for moneys owed on a promissory note. The appeals were consolidated for oral argument but decided separately. Therefore, this opinion deals solely with the claim against Andre Bustamante on the promissory note.

On November 27, 1987, Consumers United negotiated a promissory note with Bottom Line Productions, Inc. as consideration for a $725,000 loan. John and Andre Bustamante signed the note in their respective capacities as President and Vice–President of Bottom Line. John Bustamante also signed the note individually as guarantor. In addition, both John and Andre signed the back of the note, without reference to their corporate capacities, beneath cognovit and indorser liability provisions.

Thereafter Bottom Line defaulted on the loan, and Consumers United obtained a $795,766 cognovit judgment against the corporation. However, because Consumers United recovered only $78,000 from the corporation, it sued both John and Andre Bustamante as accommodation indorsers and filed a separate fraud claim against John in conjunction with this loan and other business transactions. Consumers United then moved for summary judgment on all pending claims.

On June 28, 1995, the trial court granted Consumers United's motion for summary judgment finding, *inter alia,* Andre Bustamante liable as an accommodation party on the note. Andre Bustamante now appeals and assigns three errors for our review.

The first assignment of error states:

"The trial court erred in holding that appellant J.W. Andre Bustamante was liable as an accommodation indorser on the note."

J.W. Andre Bustamante argues that Consumers United failed to prove his status as an accommodation indorser because it did not support its contentions that the parties intended Bustamante to be an accommodation indorser and it did not dispute that Bustamante benefited from the loan as an officer of Bottom Line.

Consumers United contends that the trial court properly granted summary judgment because it proved Andre Bustamante's status as an accommodation indorser of the note.

The issue for our resolution is whether the trial court properly found Andre Bustamante liable as an indorser of the note.

■ Under Ohio law, courts consider four factors in determining whether a party signed a note as a maker or as an accommodation party: the location of the signature on the note, the language of the note, whether the maker received any loan proceeds, and the intent of the parties. *Baker & Getty Fin. Serv., Inc.* (C.A.6, 1992), 974 F.2d 712, 716.

In this case, Consumers United presented evidence that Andre Bustamante signed the promissory note on the back of the note, where an indorsement is usually written. 71 Ohio Jurisprudence 3d (1986), Negotiable Instruments and Other Commercial Paper, Section 406. Furthermore, the language above Andre's signature specifically refers to his status as an indorser and states:

"The undersigned *severally* hereby waive protest and agree with any holder hereof that the maturity of all or any part of the debt evidenced by the within note may be delayed or extended and that any covenants and conditions contained in the mortgage securing the same may be waived or modified, without prejudice to *their liability as endorsers of this note.*" (Emphasis added.)

In addition, there is no evidence to suggest that Andre Bustamante personally received any proceeds from the Bottom Line loan. Finally, the printed language above his signature manifests the capacity in which he signed and corroborates the intent of the parties.

Pursuant to the four factors to be considered under *Baker, supra,* we conclude that the trial court properly found Andre Bustamante to be an accommodation party on the note, and the first assignment of error is overruled.

The second assignment of error states:

"The trial court erred in holding that appellant J.W. Andre Bustamante's accommodation indorser contract was not void on the grounds of the fraud perpetrated on Consumers United by appellant John H. Bustamante."

■ J.W. Andre Bustamante asserts that John Bustamante's fraud had the legal effect of voiding any accommodation indorser's contract.

Consumers United, on the other hand, argues that John Bustamante's fraud does not release Andre Bustamante from his obligation as an accommodation indorser on the note because it had no involvement in the perpetrated fraud.

The issue, then, for our resolution is whether John Bustamante's fraud released J.W. Andre Bustamante from his indorser's obligation.

In *Kingsland, Hook & Co. v. Watson Pryor* (1877), 33 Ohio St. 19, the Ohio Supreme Court held in its syllabus:

"1. The maker of a note by fraud procures an accommodation indorsement upon it, transferring it, before due, to a creditor, in payment of a pre-existing debt, the creditor giving time and surrendering collaterals. Unless complicity in the fraud, or knowledge of it at the time of taking the note, is proven against the creditor, the paper in his hands can not be impeached.

"2. A creditor demands security of his debtor, who, to obtain it, makes fraudulent representations to the one who becomes surety. The creditor is ignorant of these representations, and innocent as regards the debtor's conduct. No such relation of agency exists as will make the creditor responsible for the debtor's acts."

"The creditor must have participated in or had knowledge of the fraud or misrepresentations for his recovery to be defeated." *Campco Distributors, Inc. v. Fries* (1987), 42 Ohio App.3d 200, 202, 537 N.E.2d 661, 663.

In this case, Andre's argument that John Bustamante's fraud relieves him from liability on the note is not supported by any evidence that his father, John Bustamante, made fraudulent representations to induce him to sign the note as an accommodation party, nor is it supported by any evidence that Consumers United participated in, or even knew of, such a fraud at the time it took the note. Therefore, the paper in the hands of Consumers United cannot be impeached, and Andre Bustamante is not relieved from liability on the note on the basis of fraud. Accordingly, the second assignment of error is overruled.

The third assignment of error states:

"The trial court erred in holding that Consumers United's claim against appellant J.W. Andre Bustamante was not barred by *res judicata*."

J.W. Andre Bustamante argues that Consumers United's claim is barred by *res judicata* because it previously received judgment on the cognovit note against Bottom Line Productions but did not name him as a defendant, and he is in privity with Bottom Line.

Consumers United contends that the trial court properly held its action not barred by the doctrine of *res judicata* because the doctrine does not apply to a subsequent action by a holder of a defaulted note to recover against an indorser, and because the prior actions against Bottom Line did not litigate the issue of Bustamante's liability as an indorser of the note.

The issue for our determination is whether the action against Andre Busta-mante as an accommodation party on the note is barred by the doctrine of *res judicata.*

■ Under the doctrine of *res judicata:*

"[A]n existing, final judgment or decree, rendered upon the merits without fraud and collusion, by a court of competent jurisdiction, is conclusive of the rights, questions and facts in issue and is a complete bar to any subsequent action on the same claim or cause of action between the parties or those in privity with them." *Norwood v. McDonald* (1943), 142 Ohio St. 299, 27 O.O. 240, 52 N.E.2d 67, paragraph one of the syllabus.

■ The doctrine of *res judicata* applies not only to what was determined but also to every question which might properly have been litigated. *Stromberg v. Bd. of Edn.* (1980), 64 Ohio St.2d 98, 18 O.O.3d 343, 413 N.E.2d 1184.

"The doctrine of *res judicata* also embraces the policy that a party must make good his cause of action or establish his defenses ' * * * by all the proper means within his control, and if he fails in that respect, purposely or negligently, he will not afterward be permitted to deny the correctness of the determination, nor to relitigate the same matters between the same parties.' " *Covington & Cincinnati Bridge Co. v. Sargent* (1875), 27 Ohio St. 233, paragraph one of the syllabus.

Nonetheless, the doctrine does not apply to bar different causes of action. As the Ohio Supreme Court explained in *Whitehead v. Gen. Tel. Co.* (1969), 20 Ohio St.2d 108, 49 O.O.2d 435, 254 N.E.2d 10, at paragraph two of the syllabus:

■ "A final judgment or decree in an action does not bar a subsequent action where the causes of action are not the same, even though each action relates to the same subject matter. However, a point of law or a fact which was actually and directly in issue in the former action, and was there passed upon and determined by a court of competent jurisdiction, may not be drawn in question in a subsequent action between the same parties or their privies. The prior judgment estops a party, or person in privity with him, from subsequently relitigating the identical issue raised in the prior claim." (Citations omitted.)

■ In this case, the prior action involved the cognovit action against Bottom Line Productions on the promissory note, and this action arose from Andre Bustamante's status as an indorser. "The contract of a indorser * * * is separate and distinct from that of the maker." *Kautzman v. Weirick* (1875), 26 Ohio St. 330, 333. Therefore, the holder of a note can choose to sue the maker and indorser at the same time or in succession. *King v. Kerr's Admrs.* (1831), 5 Ohio 154. Consequently, because Andre Bustamante's contract of indorsement is a separate and distinct contract from the maker, Consumers United's cognovit

124

action against Bottom Line and this action against Andre Bustamante as an indorser are not the same action even though they both relate to the Bottom Line loan. *Whitehead, supra.* Accordingly, the cognovit judgment against Bottom Line is not a bar to the action against Andre Bustamante, and the third assignment of error is overruled.

*Judgment affirmed.*

KARPINSKI and TIMOTHY E. MCMONAGLE, JJ., concur.