OPINION
{¶ 1} Plaintiff-appellant, Van B. Anderson, appeals from a judgment of the Franklin County Court of Common Pleas in favor of defendant-appellee, Interface Electric, Inc., dismissing plaintiff's complaint that alleged defendant breached a collective bargaining agreement. Plaintiff presents a single assignment of error:
The trial court erred in granting Appellee Interface Electric, Inc.'s motion for judgment on the pleadings.
Because plaintiff's claim is barred due to his failure to exhaust administrative remedies prior to filing the action in the common pleas court, the trial court did not err in granting judgment for defendant.
 {¶ 2} Plaintiff filed a complaint against defendant on November 13, 2002, from which the following facts are largely derived. Plaintiff's union, the International Brotherhood of Electrical Workers, Local Union No. 683 ("the union"), and the Central Ohio Chapter of the National Electrical Contractor's Association, Inc., with which defendant is affiliated, entered into a collective bargaining agreement effective June 1, 2001 to May 31, 2004. By a letter of assent signed on May 21, 2001, defendant agreed to be bound by the provisions of the agreement. In August 2001, defendant hired plaintiff through the union to work on a construction project in Franklin County. On October 26, 2001, defendant terminated plaintiff's employment.
 {¶ 3} On December 5, 2001, the union filed a grievance on plaintiff's behalf with the labor-management committee that was established pursuant to the collective bargaining agreement to resolve grievances of the union and its members against employers, such as defendant. (Collective Bargaining Agreement, § 1.05-1.08.) After holding a hearing on the grievance, the labor-management committee issued a written decision on February 28, 2002 affirming plaintiff's separation from employment with defendant, but requiring defendant to revise plaintiff's termination notice to "layoff due to reduction in force." Neither the collective bargaining agreement nor committee decision provided any time period by which defendant was to issue the revised termination notice; nor did they require defendant to notify any person or agency of the committee's decision.
 {¶ 4} On March 22, 2002, plaintiff filed an application with the Ohio Department of Jobs and Family Services ("ODJFS") for a determination of unemployment compensation benefit rights. Defendant opposed plaintiff's application for unemployment compensation benefits on the ground that plaintiff had been discharged for "absenteeism with failure to notify supervisor" in violation of defendant's rule or policy. (Defendant's April 15, 2002 Response to ODJFS' Request to Employer for Separation Information.) Defendant did not inform ODJFS of the labor-management committee's decision.
 {¶ 5} On May 24, 2002, the director of ODJFS issued a notice of "determination of unemployment compensation benefits" denying plaintiff's benefits claim pursuant to R.C. 4141.29(D)(2)(a) for the reason that defendant had "just cause" to discharge plaintiff due to absenteeism or tardiness. See, e.g., Wolmack v. Bd. of Rev. (June 22, 1995), Franklin App. No. 94APE12-1780; Kiikka v. Admr., Ohio Bur. of Emp. Serv. (1985),21 Ohio App.3d 168 (holding that absenteeism or tardiness may constitute just cause for termination of employment). The notification form contains information regarding a claimant's "APPEAL RIGHTS," which states, "[i]f you do not agree with this determination, you may file an appeal" by mail, fax, or e-mail to ODJFS. The "APPEAL RIGHTS" section further states, "[y]our appeal should include the claimant's name, social security number, and additional facts, with documentation to support the appeal." Claimants are expressly advised that to be considered timely the appeal must be filed within 21 calendar days of the date the determination notice is mailed. (May 24, 2002 Determination of Unemployment Compensation Benefits, APPEAL RIGHTS.) Plaintiff does not allege in his complaint, or contend in this appeal, that he filed an appeal with ODJFS.
 {¶ 6} On August 20, 2002, defendant faxed the union the "revised termination notice" prescribed by the labor-management committee's February 28, 2002 decision. On it, defendant marked a box designated "layoff" as the reason for plaintiff's termination, and indicated plaintiff was not eligible for rehire. Defendant also wrote a notation on the revised termination notice stating that plaintiff had been fired on October 26, 2001 for absenteeism, but the local labor-management committee had decided on February 28, 2002 to require defendant to change plaintiff's employment separation status from "fired" to "layoff due to reduction in force."
 {¶ 7} On November 13, 2002, plaintiff filed the instant action against defendant for breach of contract, alleging defendant breached the collective bargaining agreement, and the labor-management committee decision issued pursuant to the agreement, by furnishing ODJFS with a reason for plaintiff's separation of employment from defendant that was contrary to the labor-management committee's decision. Plaintiff alleges he would have received unemployment compensation benefits if defendant had not waited several months after plaintiff filed his claim for unemployment compensation benefits to untimely issue the revised termination notice stating plaintiff was laid off due to a reduction in force. (Nov. 13, 2002 Complaint.) Plaintiff claims he is entitled to recover damages from defendant for the amount of unemployment compensation benefits he would have received if defendant had not breached the agreement and caused plaintiff to lose his unemployment benefits. (Nov. 13, 2002 Complaint.)
 {¶ 8} On January 6, 2003, defendant filed its answer and asserted affirmative defenses including (1) plaintiff's failure to exhaust administrative remedies, and (2) lack of subject-matter jurisdiction. On January 24, 2003, defendant filed a motion for judgment on the pleadings pursuant to Civ.R. 12(C), which the trial court granted in a decision filed March 14, 2003. The court held: (1) defendant did not breach the collective bargaining agreement by an untimely submission of the revised termination notice; (2) the labor-management committee's decision on the termination of plaintiff's employment is not determinative as to his entitlement to unemployment compensation benefits; (3) plaintiff's claim is barred because he failed to exhaust his administrative remedies; and (4) plaintiff presented no authority which permits a claim for the amount of unemployment compensation benefits an employee "would have been" awarded if an employer had not breached a collective bargaining agreement. On March 27, 2003, the court entered final judgment in favor of defendant, dismissing plaintiff's claim.
 {¶ 9} In this appeal, plaintiff asserts the trial court erred regarding each of its holdings. We first address whether the trial court erred in granting defendant judgment on the pleadings on the basis that plaintiff's breach of contract action was barred by his failure to exhaust administrative remedies.
 {¶ 10} A Civ.R. 12(C) motion for judgment on the pleadings presents only questions of law. Fontbank, Inc. v. Compuserve, Inc. (2000),138 Ohio App.3d 801, 807, appeal not allowed, 90 Ohio St.3d 1493. In reviewing the trial court's decision to grant such a motion, this court conducts a de novo review of the legal issues without deference to the trial court's determination. Id. Dismissal of a complaint is appropriate under Civ.R. 12(C) where, construing all material allegations in the complaint along with all reasonable inferences drawn therefrom in favor of the plaintiff as the nonmoving party, the court finds the plaintiff can prove no set of facts in support of his claim that would entitle him to relief. Id., citing State ex rel. Midwest Pride IV, Inc. v. Pontious
(1996), 75 Ohio St.3d 565, 570.
 {¶ 11} Pursuant to the doctrine of failure to exhaust administrative remedies, a party seeking court action in an administrative matter must first "`exhaust the available avenues of administrative relief through administrative appeal.' "Nemazee v. Mt.Sinai Med. Ctr. (1990), 56 Ohio St.3d 109, 111, quoting Noernberg v.Brook Park (1980), 63 Ohio St.2d 26, 29. In Ohio, the doctrine is a court-made rule of judicial economy which is "`generally required as a matter of preventing premature [judicial] interference with agency processes, so that the agency may function efficiently and so that it may have an opportunity to correct its own errors, to afford the parties and the courts the benefit of its experience and expertise, and to compile a record which is adequate for judicial review.'" Nemazee, supra, quotingWeinberger v. Salfi (1975), 422 U.S. 749, 765, 95 S.Ct. 2457, 2466; Frickv. Univ. Hosp. of Cleveland (1999), 133 Ohio App.3d 224, 228. If interested parties are not required to exhaust available administrative remedies, "there is the possibility that frequent and deliberate flouting of administrative processes could weaken the effectiveness of any agency by encouraging people to ignore its procedures." Hawkes v. United ParcelService, Inc. (May 24, 1990), Franklin App. No. 89AP-1475.
 {¶ 12} Although failure to exhaust administrative remedies is not a jurisdictional defect per se, under Ohio law a complainant must exhaust any administrative remedies before invoking the common pleas court's jurisdiction. Jones v. Chagrin Falls (1997), 77 Ohio St.3d 456, 462;Campbell v. Ohio Bur. of Emp. Serv. (1991), 74 Ohio App.3d 603, 605, citing Noernberg, at 29. The doctrine has such force that "`[It is] the long settled rule of judicial administration that no one is entitled to judicial relief for a supposed or threatened injury until the prescribed administrative remedy has been exhausted.'" Jones, at 462, quoting Myersv. Bethlehem Shipbuilding Corp. (1938), 303 U.S. 41, 50-51,58 S.Ct. 459, 463. The question, then, is what administrative remedies are prescribed when a person has been denied unemployment compensation benefits in an initial benefits determination.
 {¶ 13} Chapter 4141 of the Ohio Revised Code governs unemployment compensation matters. The director of ODJFS issues the initial decision on a claim for benefits in a "determination of unemployment compensation benefits," as was issued in the present case. R.C. 4141.13(J). Following the director's decision, an aggrieved party may utilize administrative remedies provided in R.C. 4141.281 to appeal and/or request a review of the director's benefits determination. Specifically, R.C. 4141.281(A) provides that "[a]ny party notified of a determination of benefit rights or a claim for benefits determination may [file an administrative] appeal within twenty-one calendar days after the written determination was sent to the party or within an extended period as provided under division (D)(9) of this section." Plaintiff here did not file an appeal pursuant to R.C. 4141.281.
 {¶ 14} Ohio courts have held that although R.C. 4141.281(A) states that a party "may" appeal the benefits determination, the use of the word "may" does not relieve a party of a duty to exhaust the administrative remedies provided by the statute before filing a court action involving the matter. See Frick, at 229, citing Pappas Assoc. Agency, Inc.v. State Auto. Mut. Ins. Co. (Jan. 7, 1998), Summit App. No. 18458; Averyv. Rossford, Ohio Transp. Improvement Dist. (2001), 145 Ohio App.3d 155,164. The statute's use of "may" is permissive, rather than obligatory, solely to the limited extent it allows aggrieved parties to either pursue the available administrative remedies or forgo taking any further action on the matter. See Frick, at 229-231, and cases cited therein.
 {¶ 15} Where an aggrieved party timely files an administrative appeal pursuant to R.C. 4141.281(A) of an initial benefits determination, or upon the party's further timely administrative appeals or requests for review pursuant to the statute, the unemployment compensation review commission acquires jurisdiction over the matter. R.C. 4141.281(C)(1). The review commission, or a hearing officer appointed by the commission, is, by statute, the trier of fact in unemployment compensation cases. See R.C. 4141.281; Brown-Brockmeyer v. Roach (1947), 148 Ohio St. 511;Younkin v. Giles (Nov. 4, 1985), Ashland App. No. CA-845. The review commission maintains jurisdiction until it either remands the matter or issues a final decision, or the time has expired to request a review or appeal of a commission decision. Pursuant to R.C. 4141.281(C)(5), a "final decision" is a decision by the review commission disallowing a request for review. Thus, under the statute, a "final decision" is made: (1) by the review commission, not the director, of ODJFS, and (2) after an aggrieved party requests a review, which is then denied by the review commission.
 {¶ 16} R.C. 4141.282 sets forth the procedures by which a party whose claim for unemployment compensation benefits is denied may appeal to the court of common pleas. Specifically, the statute provides that "[a]ny interested party, within thirty days after written notice of the final decision of the unemployment compensation review commission was sent to all interested parties, may appeal the decision of the commission to the court of common pleas." R.C. 4141.282(A). The statute does not permit an appeal of any decision or determination other than a "final decision." The court's jurisdiction over unemployment compensation cases is appellate, not original, with its function being to determine whether the final decision of the review commission was unlawful, unreasonable, or against the great weight of the evidence. R.C. 4141.282(H); Moore v.Ohio Bur. of Emp. Serv. (Dec. 13, 1994), Scioto App. No. 94 CA 2248;Younkin, supra. An appeal to the court is perfected and jurisdiction in the court is vested upon an interested party's timely filing the notice of appeal. R.C. 4141.282(C).
 {¶ 17} Because a right to appeal is conferred by statute in R.C.4141.282, an appeal to the common pleas court can be perfected only in the manner provided by the statute, and, absent substantial compliance with the statute, the reviewing body lacks jurisdiction to review ODJFS's decision. See Wolmack, supra; Moore v. Foreacher (1951), 156 Ohio St. 255;Zier v. Bur. of Unemp. Comp. (1949), 151 Ohio St. 123.
 {¶ 18} Plaintiff does not allege in his complaint, or otherwise contend, that he utilized any administrative remedies available under R.C. Chapter 4141 before he filed this lawsuit in the common pleas court. As a result of plaintiff's failure to pursue an administrative appeal of the director's benefits determination denying plaintiff's application for unemployment benefits, the benefits determination became final by operation of law. See Fontis Restaurant Lounge, Inc. v.Admr., Ohio Bur. of Emp. Serv. (Feb. 13, 1986), Cuyahoga App. No. 50122;Elyria Christian Academy, Inc. v. Ohio Unemp. Comp. Bd. of Rev. (Dec. 16, 1982), Franklin App. No. 82AP-349; Zier, supra. Although the benefits determination became final and binding upon plaintiff by operation of law, it was not a "final decision" as prescribed by R.C. 4141.281 for which an appeal is permitted to the common pleas court under R.C. 4141.281.
 {¶ 19} Plaintiff nevertheless asserts on appeal, as he did in the trial court, that he was not required to exhaust administrative remedies in this case because his breach of contract claim is distinct from and not a continuation of any proceedings before ODJFS. The trial court rejected plaintiff's argument, finding "plaintiff cannot use a lawsuit alleging a breach of the collective-bargaining agreement to circumvent the requirement of filing a timely appeal of ODJFS' order" and attempt thereby to recover unemployment compensation benefits denied by ODJFS. (Mar. 14, 2003 Decision, 5-6.)
 {¶ 20} The thrust of plaintiff's breach of contract claim is that (1) plaintiff would have been awarded unemployment compensation benefits if defendant had timely issued the revised termination notice that accorded with the labor-management committee's decision, and (2) plaintiff is accordingly entitled to recover from defendant the amount of the unemployment compensation benefits he was denied as a result of defendant's conduct.
 {¶ 21} We first note plaintiff's assertion that he "would have been awarded" unemployment compensation benefits is purely speculative. Even if ODJFS had been informed of the labor-management committee's decision that plaintiff's termination notice should be revised to "layoff due to reduction in force," ODJFS was not required to follow the decision. "[D]eterminations arising from collective bargaining agreements do not bind [ODJFS] in any way." McCoy v. Admr., Ohio Bur. of Emp. Serv. (Sept. 26, 2000), Athens App. No. 00CA12, citing Youghiogheny Ohio CoalCo. v. Oszust (1986), 23 Ohio St.3d 39, syllabus; Wilson v. Matlack,Inc. (2000), 141 Ohio App.3d 95, appeal not allowed, 90 Ohio St.3d 1424.
 {¶ 22} The labor-management committee's focus is whether contractual rights under the collective bargaining agreement have been breached, and its decision is binding upon the parties for purposes of the collective bargaining agreement. Wilson, supra. In contrast, the function of ODJFS is to determine whether unemployment compensation benefits should be granted under R.C. Chapter 4141, not whether a contract has been breached. Wilson, at 101, citing Adams v. HardingMach. Co. (1989), 56 Ohio App.3d 150, 157. ODJFS is vested with statutory authority and has a duty to independently determine an employee's eligibility for unemployment compensation under R.C. 4141.29, regardless of how the employee's termination is characterized as the result of a collective bargaining process. Oszust; Wilson; McCoy, supra. Thus, "[a]lthough the employee could ultimately prevail on a wrongful discharge claim or be reinstated under a grievance procedure, that fact does not mean that unemployment benefits are warranted under R.C. 4141.29."Wilson, at 175. Accordingly, the trial court did not err in holding the labor-management committee's decision is not determinative of plaintiff's entitlement to unemployment benefits.
 {¶ 23} Further, under Chapter 4141's statutory provisions, a claimant has the burden of proving entitlement to unemployment compensation benefits. Vinson v. AARP Foundation (1999),134 Ohio App.3d 176, 178, citing Irvine v. Unemp. Comp. Bd. of Rev.
(1985), 19 Ohio St.3d 15, and Shannon v. Bur. of Unemp. Comp. (1951),155 Ohio St. 53. In this case, plaintiff has not contended (1) he did not have a copy of the labor-management committee's decision that he could have provided to ODJFS to support his claim, or (2) defendant somehow interfered with any attempt by plaintiff to inform ODJFS of the committee's decision. It was plaintiff's burden, not defendant's, to inform ODJFS of the grievance committee's decision either (1) at the time plaintiff submitted his benefits claim, or (2) upon being advised of the adverse benefits determination and his right to appeal.
 {¶ 24} Here, plaintiff's original action filed in the common pleas court would necessarily involve a determination of the amount of unemployment compensation benefits to which plaintiff was supposedly entitled. The director of ODJFS had already decided this question, whose determination became final by operation of law because plaintiff did not appeal the determination to the review commission within 21 days after the director's determination was sent to plaintiff, as provided in R.C.4141.281(A). Moreover, the issues plaintiff raised concerning whether he would have been entitled to receive unemployment compensation benefits if defendant had informed ODJFS of the grievance committee's decision, and whether defendant's conduct was in accordance with the law, are issues that could have been addressed in the administrative process. Avery, at 163. The resolution of these issues is suited to administrative review and is a quasi-judicial function that could be performed by the review commission. Id. Plaintiff cannot circumvent ODJFS' decision-making authority, and the well-defined statutory procedures for appeal of the administrative agency's decision, by filing an original action in the common pleas court to recover an undetermined amount of benefits denied by the agency.
 {¶ 25} Because plaintiff failed to appeal the adverse unemployment compensation benefits determination pursuant to the prescribed administrative remedies in R.C. 4141.281, plaintiff could not invoke the jurisdiction of the common pleas court to obtain judicial relief for his supposed injury. Jones; Campbell, supra. Accordingly, the common pleas court did not err in dismissing plaintiff's complaint and granting judgment for defendant. To the extent plaintiff raises issues regarding the merits of his claim filed in the common pleas court, the issues are moot and will not be addressed by this court.
 {¶ 26} Plaintiff's assignment of error is overruled, and the judgment of the Franklin County Court of Common Pleas is affirmed.
Judgment affirmed.
Lazarus and Brown, JJ., concur.