OPINION
{¶ 1} Defendant-appellant Greene County Vocational School District Board of Education (the Board) appeals from the denial of its motion for judgment on the pleadings with regard to a personal injury action brought against it by plaintiffappellee Marion McClelland. The Board's motion is based upon its claim that it has statutory immunity from McClelland's claims and that McClelland has failed to present evidence that her claims fall within any exceptions to the grant of immunity. Therefore, the Board contends that the trial court erred by denying its motion.
 {¶ 2} We conclude that the trial court correctly denied the motion for judgment on the pleadings, because in her complaint McClelland does raise an allegation that implicates one of the exceptions to the blanket protection of statutory immunity. Accordingly, the order of the trial court is affirmed.
 I {¶ 3} Marion McClelland filed suit against the Greene County Career Center and Collin Sparks for injuries she sustained while riding as a passenger in a golf cart being operated by Sparks on the Center's property. The Center filed a motion for judgment on the pleadings, in which it argued that McClelland had failed to sue the correct party and that it was entitled to statutory immunity from her claims.[1]
McClelland responded to the motion, arguing that her claim falls within an exception to the immunity afforded by statute.
 {¶ 4} The trial court found that McClelland had failed to name the proper party, but allowed her to amend the complaint to name the correct party. The trial court overruled the motion with regard to the claim of immunity. McClelland amended her complaint by naming the Board as a defendant. The Board appeals from the order of the trial court denying its motion for judgment.
 II {¶ 5} The Board's sole assignment of error is as follows:
 {¶ 6} "The trial court erred in refusing to grant immunity to defendant-appellant."
 {¶ 7} The Board contends that the trial court erred by failing to render judgment on the pleadings, based upon statutory immunity.
 {¶ 8} Civ.R. 12(C) provides that "[a]fter the pleadings are closed but within such time as not to delay the trial, any party may move for judgment on the pleadings." "A Civ.R. 12(C) motion for judgment on the pleadings presents only questions of law." Anderson v. InterfaceElectric, Inc., Franklin App. No. 03AP-354, 2003-Ohio-7031, ¶ 10, citation omitted. "In reviewing the trial court's decision to grant such a motion, this court conducts a de novo review of the legal issues without deference to the trial court's determination." Id., citation omitted. In deciding the motion, the court must construe all the allegations in the pleadings in favor of the non-moving party, and find that there is no set of facts that would necessitate the denial of the motion. Id.
 {¶ 9} Whether judgment was properly rendered in this case turns on whether the Board is afforded immunity under the provisions of R.C. Chapter 2744. R.C. 2744.02(A)(1) provides that political subdivisions are immune from tort liability "allegedly caused by any act or omission of the political subdivision or an employee of the political subdivision in connection with a governmental or proprietary function." This broad grant of immunity is subject to five exceptions set forth in R.C. 2744.02(B).
 {¶ 10} The first of those exceptions is of relevance to this case. That exception provides that "* * * political subdivisions are liable for injury, death, or loss to person or property caused by the negligent operation of any motor vehicle by their employees when the employees are engaged within the scope of their employment and authority." R.C.2744.02(B)(1).
 {¶ 11} The Board contends that this exception is not applicable because Sparks was not an employee and because a golf cart is not a motor vehicle.[2] Conversely, McClelland contends that a determination of "whether Sparks acted as a student or as an employee of the Board at the time of the accident [cannot] be resolved by judgment on the pleadings since answering this question depends on matters outside of the pleadings."
 {¶ 12} R.C. 2744.01(B) defines employee as "an officer, agent, employee, or servant, whether or not compensated or full-time or part-time, who is authorized to act and is acting within the scope of the officer's, agent's, employee's, or servant's employment for a political subdivision."
 {¶ 13} The Board argues that McClelland, in her complaint, fails to allege that Sparks was an employee of the Board, alleging merely that Sparks was an agent of the Board. But the statute includes within the scope of its definition of "employee" one who is an agent, whether or not compensated, who is authorized to act and is acting within the scope of his or her employment as an agent.
 {¶ 14} In her complaint, McClelland alleges that Sparks was acting as agent on behalf of the Board at the time of the accident. We find this allegation sufficient to survive a motion for judgment on the pleadings. Regardless of whether it is true — which cannot be determined without looking beyond the pleadings — the allegation is made. Therefore, McClelland has made an allegation in her complaint implicating one of the five statutory exceptions to the general protection of statutory immunity. Thus, we conclude that the trial court did not err in denying the motion for judgment on the pleadings.
 III {¶ 15} The Board's sole assignment of error having been overruled, the judgment of the trial court is affirmed.
Brogan, P.J., and Young, J., concur.
(Hon. Frederick N. Young, Retired from the Court of Appeals, Second Appellate District Sitting by Assignment of the Chief Justice of the Supreme Court of Ohio)
[1] McClelland originally sued the Greene County Career Center, rather than the Greene County Vocational School District Board of Education.
[2] From our review of the Board's motion for judgment on the pleadings, it is clear that although it noted, in passing, the existence of the issue of whether a golf cart is a motor vehicle, it expressly declined to make this argument in support of its motion, choosing instead to base its argument solely upon the contention that Sparks was not an employee.