OPINION
{¶ 1} Defendants-appellants, Ronald and Betty Hotopp, appeal from a judgment of foreclosure rendered against their real property. For the reasons that follow, we affirm.
 I {¶ 2} In 1997, Glenn and Paula Ivey purchased real estate located at 2043 Stapleton Court in Montgomery County, Ohio. Later, the Iveys borrowed the sum of Forty-Five Thousand dollars from Kenneth Gevedon. The Iveys executed a promissory note and a mortgage on the Stapleton Court property to secure the loan. The mortgage was properly recorded. Thereafter, in October of 1998 they sold the real estate to the Hotopps. According to the Hotopps, the Iveys failed to mention the mortgage. The Hotopps did not perform a title search on the property.
 {¶ 3} The Iveys defaulted on the loan, and in December of 1998, Gevedon initiated proceedings to collect on the promissory note. He was granted a default judgment against the Iveys in 1999. A few months later, the Iveys declared bankruptcy. Gevedon entered his appearance in the bankruptcy. The bankruptcy court ruled that Gevedon's loan to the Iveys could not be discharged because the Iveys failed to appear for a debtor's examination regarding the default judgment. See, Gevedon v. Ivey,
Montgomery App. No. 19893, 2003-Ohio-6521, ¶ 5.
 {¶ 4} After Gevedon was granted a default judgment with regard to the promissory note, the Iveys conveyed separate real estate to Mr. Ivey's aunt. Gevedon initiated another suit against the Iveys seeking to set aside the conveyance as a fraudulent transfer made to avoid payment of the judgment debt. The trial court in that case found that the conveyance was fraudulent and made in an attempt to avoid making payment to Gevedon. The trial court thus set aside the conveyance. The Iveys appealed and the matter was reversed and remanded. See, Gevedon, supra. The judgment debt remained unpaid.
 {¶ 5} In 2002, Gevedon initiated this action in foreclosure against the Hotopps. The Hotopps filed a counterclaim seeking a release of the mortgage or, in the alternative, to have the mortgage declared invalid. They also sought damages incurred by reason of losing a potential sale of the house due to the mortgage lien. The Hotopps also filed a third-party complaint seeking damages from the Iveys.
 {¶ 6} The matter proceeded to trial following which the trial court entered a decision and verdict finding in favor of Gevedon on the issue of foreclosure. The decision and verdict also found that the Hotopps were entitled to recover damages against the Iveys, but dismissed the Hotopps' claims against Gevedon. A final judgment entry, confirming the trial court's decision, was subsequently entered. The Hotopps appeal the judgment of foreclosure.
 II {¶ 7} The First Assignment of Error is as follows:
 {¶ 8} "PLAINTIFF'S JUDGMENT OF FORECLOSURE IS NOT AGAINST ANY SPECIFIC DEFENDANT."
 {¶ 9} The Hotopps contend that the judgment of the trial court is improper. Specifically, they claim that the judgment of foreclosure is not against any defendant. They further argue that the judgment contains erroneous language regarding default judgment. Finally, the Hotopps contend that the judgment fails to incorporate the award made to them against the Iveys.
 {¶ 10} We have reviewed both the decision and entry as well as the final judgment and find no error. The judgment specifically provides for foreclosure of the mortgaged property owned by the Hotopps but provides the Hotopps the opportunity to avoid foreclosure by paying the monies owed under the terms of the mortgage to Gevedon.
 {¶ 11} Further, the judgment does not contain any erroneous language regarding default judgment.
 {¶ 12} Finally, the decision clearly awards damages to the Hotopps. The final judgment makes reference to that judgment.
 {¶ 13} We find that the Hotopps' arguments with regard to the judgment lack merit. The first assignment of error is overruled.
 III {¶ 14} The Hotopps' Second Assignment of Error states as follows:
 {¶ 15} "THE JUDGMENT IS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE."
 {¶ 16} The Hotopps contend that the evidence does not support the judgment of foreclosure. In support, they argue that the evidence demonstrates that the mortgage given to Gevedon to secure his loan to the Iveys was improperly executed because it was not signed in the presence of a notary public. They also claim that the evidence shows that the mortgage was released prior to the sale of the real estate to the Hotopps.
 {¶ 17} It is well established that in reviewing the weight and sufficiency of the evidence upon which a trial court bases its decision, an appellate court must affirm the judgment of the trial court on appeal if the trial court's decision is supported by some competent, credible evidence. C.E. Morris Co. v. FoleyConstr. Co. (1978), 54 Ohio St.2d 279, syllabus.
 {¶ 18} The trial court found that the mortgage was properly executed and that the evidence did not support a finding that the mortgage was released. We agree.
 {¶ 19} First, the evidence supports the finding that the mortgage was properly executed. Specifically, there is testimony from a notary public who stated that the mortgage was signed and acknowledged in his presence. A copy of the mortgage is also in the record and there is nothing to indicate that it is invalid. Finally, the evidence demonstrates that the mortgage was properly recorded.
 {¶ 20} Second, the record supports the trial court's determination that the mortgage was not released. Hotopp testified that Ivey had informed him that the mortgage had been released because Gevedon had agreed to substitute other collateral for the property secured by the mortgage. Gevedon testified that he did not recall signing any release of the mortgage. Ivey testified that the release was signed but that he dropped it off at a mortgage company where it was lost. Neither Hotopp or Ivey produced a copy of the release or any document supporting the claim that different collateral was substituted for the real estate. Ivey did not produce anyone from a mortgage company to testify that he gave them the release for filing. Most importantly, no such release was ever filed of record.
 {¶ 21} We conclude that the evidence supports the judgment of the trial court. Accordingly, the second assignment of error is overruled.
 IV {¶ 22} The Third Assignment of Error provides:
 {¶ 23} "PLAINTIFF IS ESTOPPED FROM PROCEEDING AGAINST AN INNOCENT PURCHASER BY HIS NUMEROUS LITIGATIONS AGAINST MORTGAGOR IVEY BUT NEVER AGAINST HOTOPP AND NEVER TO FORECLOSE THIS MORTGAGE (UNTIL THE PRESENT CASE)."
 {¶ 24} The Hotopps' argument in this assignment of error is somewhat convoluted. However, it appears that they claim that the underlying action is barred by the doctrine of res judicata. In support, they argue that Gevedon's prior lawsuits act as a bar to the instant litigation because they involved the debt evidenced by the subject mortgage. The Hotopps also appear to claim that Gevedon's suit is barred by the doctrines of equitable estoppel and laches. This contention appears to be based upon the fact that Gevedon failed to bill the Hotopps for the sums due on the mortgage prior to initiating suit.
 {¶ 25} We begin with the claim that this action was barred by the doctrine of res judicata. Hotopp contends that this suit is barred by Gevedon's prior action for judgment on the note and by his prior action to set aside the fraudulent conveyance from the Iveys to Mr. Ivey's aunt. He also claims that this action is barred by the Iveys' case in Bankruptcy Court.
 {¶ 26} Pursuant to the doctrine of res judicata, "an existing, final judgment or decree, rendered upon the merits without fraud and collusion, by a court of competent jurisdiction, is conclusive of the rights, questions and facts in issue and is a complete bar to any subsequent action on the same claim or cause of action between the parties or those in privity with them." Consumers United Ins. Co. v. Bustamante (1996),117 Ohio App.3d 118, 123, citation omitted. "A final judgment or decree in an action does not bar a subsequent action where the causes of action are not the same, even though each action relates to the same subject matter." Id.
 {¶ 27} In this case, we find that Gevedon's prior action on the note did not bar the instant action. A mortgage is merely security for a debt and is not the debt itself. Gushman v.Farber (June 25, 1985), Franklin App. No. 85AP-112. Thus, "even when a promissory note is incorporated into the mortgage deed, it is still independent of the mortgage and is a separate enforceable contract between the parties." Mid American Nat'lBank Trust Co. V. Comte/Rogers Dev. Corp. (Sept. 30, 1996), Lucas App. No. L 95-329, citations omitted.
 {¶ 28} An action on a note and an action to foreclose a mortgage are two different beasts. "An action praying for judgment on a note and foreclosure on a mortgage raises two issues. The first issue presents the legal question of whether the mortgagor has defaulted on the note. The second issue entails an inquiry into whether the mortgagor's equity of redemption should be foreclosed." Metropolitan Life Ins. Co. v. TriskettIllinois, Inc. (1994), 97 Ohio App.3d 228, 234, citations omitted. One "exhausts the mortgage security, the other affords a personal remedy; one may be maintained without personal service and the other may not." Gushman, supra. Thus, action on the note does not bar subsequent action on the mortgage.
 {¶ 29} We also find that the instant action is not barred by Gevedon's prior suit against Ivey regarding the fraudulent conveyance. That suit was initiated in order to stop Ivey from transferring property that could be used to satisfy the judgment debt on the promissory note. Again, the right to sue and collect on a promissory note is separate and distinct from the right to foreclose on a mortgage securing the debt. Potentially, the other property transferred by Ivey to his aunt could satisfy the judgment debt. However, if it did not, Gevedon was perfectly within his rights to seek payment through foreclosure.
 {¶ 30} Finally, Hotopp fails to state how the Iveys' case in bankruptcy involves the current action. The Iveys apparently sold the subject property to Hotopp prior to declaring bankruptcy and there is no claim that the property was an issue in the bankruptcy action.
 {¶ 31} We next turn to the claim that Gevedon's suit is barred by the doctrines of equitable estoppel. In order to demonstrate the affirmative defense of equitable estoppel, the Hotopps must prove four elements: (1) that Gevedon made a factual misrepresentation, (2) that was misleading, (3) that induced actual reliance which was reasonable and in good faith, and finally (3) that there was a detriment to the relying party. Doev. Blue Cross/Blue Shield of Ohio (1992), 79 Ohio App. 3d 369,379.
 {¶ 32} As noted by the trial court, "Gevedon made no factual misrepresentations to the Hotopps." Indeed, there is no evidence that Gevedon made any representations of any sort to the Hotopps. Further, the evidence clearly establishes that when the Hotopps purchased the subject property, Gevedon's mortgage was still of record as a lien on the property. Mr. Hotopp acknowledged at trial that he is a "sophisticated real estate investor, having bought and sold well over fifty properties." However, he failed to have a title examination performed prior to purchasing the property. Thus, we cannot say that the trial court erred by concluding that the Hotopps failed to establish that they were entitled to assert the affirmative defense of equitable estoppel.
 {¶ 33} Likewise, we conclude that the trial court did not err by denying the Hotopps' claim that the instant action is barred by laches. The Hotopps' claim of entitlement to this defense appears to center on the claim that Gevedon failed to bring the instant action until December of 2002 despite knowing about the default on the debt since at least December of 1998. In order to demonstrate a claim for laches, the Hotopps would need to demonstrate that they were prejudiced by Gevedon's failure to assert his foreclosure right for an unreasonable and unexplained length of time. Emrick v. Multicon Builders (1991),57 Ohio St. 3d 107, 111.
 {¶ 34} As noted by the trial court "the time from the end of 1998 until the [time the foreclosure action was filed] is neither `unreasonable' nor `unexplained' given the difficulties in finding out the facts and in pursuing the parties. If Hotopp [sic] had been successful in collecting from the Iveys, either before, during or after a bankruptcy, he may never have had even to bring this foreclosure suit." Furthermore, it appears from the record that the bankruptcy filing by the Iveys prevented Gevedon from seeking payment on the debt for a period of years. Again, had Gevedon been able to collect on the debt through other means, he would not have needed to file this action in foreclosure. We are not prepared to say that a judgment creditor must pursue a foreclosure action prior to exhausting all other avenues of collection.
 {¶ 35} The third assignment of error is overruled.
 V {¶ 36} The Hotopps' Fourth Assignment of Error states:
 {¶ 37} "THE TRIAL COURT COMMITTED ERROR IN NOT SUSTAINING THE HOTOPP MOTION FOR JUDGMENT ON THE PLEADINGS."
 {¶ 38} The Hotopps contend that the trial court should have granted their pretrial motion for judgment on the pleadings.
 {¶ 39} Civ.R. 12(C) provides that "[a]fter the pleadings are closed but within such time as not to delay the trial, any party may move for judgment on the pleadings." "A Civ.R. 12(C) motion for judgment on the pleadings presents only questions of law."Anderson v. Interface Electric, Inc., Franklin App. No. 03AP-354, 2003-Ohio-7031, ¶ 10, citation omitted. "In reviewing the trial court's decision to grant such a motion, this court conducts a de novo review of the legal issues without deference to the trial court's determination." Id., citation omitted. In deciding the motion, the court must construe all the allegations in the pleadings in favor of the non-moving party, and find that there is no set of facts that would necessitate the denial of the motion. Id., citations omitted.
 {¶ 40} The Hotopps' motion for judgment on the pleadings was based upon their claim that they were entitled to judgment because the pleadings showed that the subject mortgage was improperly executed and was subsequently released. The motion also asked for judgment based upon the claim that the pleadings demonstrate that the instant suit was barred by the doctrine of equitable estoppel.
 {¶ 41} As noted by the trial court, the motion did not raise a legal issue. Instead, the issues raised in the motion for judgment on the pleadings required a determination of the material facts that were disputed by the parties. Furthermore, Gevedon averred a set of facts in his complaint that would entitle him to relief. His complaint alleged that he was the holder of a promissory note that was in default and had been reduced to judgment. He further averred that the promissory note was secured by a mortgage and that he was entitled to foreclose on that property. Therefore, we agree with the trial court's statement that "there [were] no grounds to grant the motion."
 {¶ 42} The fourth assignment of error is overruled.
 VI {¶ 43} The Fifth Assignment of Error raised by the Hotopps is as follows:
 {¶ 44} "THE TRIAL COURT ERRED IN OVERRULING APPELLANT'S COUNSEL'S OBJECTIONS TO PLAINTIFF'S TESTIMONY ON REDIRECT."
 {¶ 45} The Hotopps contend that the trial court erred by permitting Gevedon to testify that he had been involved in an automobile accident which caused injury to his brain. The Hotopps contend that this evidence was prejudicial and was an improper attempt to influence the trial court.
 {¶ 46} A trial court enjoys broad discretion with regard to the admission or exclusion of evidence. State v. Byrd,160 Ohio App. 3d 538, 2005-Ohio-1902, ¶ 22, citation omitted. Absent an abuse of that discretion, a reviewing court will not reverse a trial court's determination with regard to the admission of evidence. Id. The phrase "abuse of discretion" implies that a trial court's decision is unreasonable, arbitrary or unconscionable. Id., citation omitted.
 {¶ 47} We cannot say that the trial court abused its discretion by permitting Gevedon to testify regarding his brain injury. Nor can we say that such information was prejudicial to the Hotopps. Indeed, we conclude that the information was more detrimental to Gevedon who testified that he did not recall releasing the subject mortgage. If anything, this evidence would tend to discredit Gevedon's testimony more than it would prejudice the Hotopps.
 {¶ 48} The fifth assignment of error is overruled.
 VII {¶ 49} All of the Hotopps' assignments of error having been overruled, the judgment of the trial court is affirmed.
Brogan, P.J., and Wolff, J., concur.
(Hon. Frederick N. Young, Retired from the Court of Appeals, Second Appellate District, Sitting by Assignment of the Chief Justice of the Supreme Court of Ohio).