YOUNG, APPELLEE, *v.* TORTILLA FLATS ET AL.; STEINBACHER, ADMR., OHIO BUREAU OF EMPLOYMENT SERVICES, APPELLANT.

(No. 86AP-1001 — Decided March 31, 1987.)

*Thomas Sico,* for appellee.

*Anthony J. Celebrezze, Jr.,* attorney general, *Patrick Devine* and *Lawrence J. Hackett,* for appellant.

YOUNG, J. The Ohio Bureau of Employment Services ("OBES") denied Barbara M. Young's claim for unemployment compensation. She appealed to the Ohio Unemployment Compensation Board of Review and the board affirmed the referee's recommendation to deny her benefits. The board of review denied her application to institute a further administrative appeal. She then appealed to the Franklin County Court of Common Pleas, whereupon the trial court reversed the decision of the board of review and allowed appellee's claim.

Appellee had been employed as an assistant manager at Denny's, Inc. She had an opportunity to become a manager, with better pay and more desirable hours, at Tortilla Flats. She gave Denny's a two-week notice, with her resignation to be effective on October 20, 1983. Appellee received vacation pay for the period from October 21 through November 3, 1983. She worked at Tortilla Flats from November 9, 1983 to December 2, 1983 and quit with just cause.

OBES asserts the following assignment of error:

"As contemplated by R.C. 4141.29 (D)(2)(a) and R.C. 4141.291, where a claimant quits her present employment in order to take a better job, such is without just cause and the disqualification imposed thereby may only be removed by satisfying the requirements set forth in R.C. 4141.291 and R.C. 4141.29(G)."

R.C. 4141.29(D)(2)(a) states:

"(D) Notwithstanding division (A) of this section, no individual may serve a waiting period or be paid benefits under the following conditions:

"* * *

"(2) For the duration of his unemployment if the administrator finds that:

"(a) He quit his work without just cause or has been discharged for just cause in connection with his work * * *[.]"

In a case with similar facts, the court held that an employee who voluntarily quits a job after six and one-half years of steady employment to accept a job with an increase in pay, even though the new employment lasted only one week and two days, was not disqualified from receiving benefits under R.C. 4141.29(D)(2)(a). *Layton* v. *Bur. of Unemp. Comp.* (1965), 7 Ohio

Misc. 84, 36 O.O. 2d 146, 218 N.E. 2d 767. Therefore, in the instant case, appellee's resignation from Denny's to accept a better-paying position with Tortilla Flats constituted a quit with just cause under R.C. 4141.29(D)(2)(a).

Next, OBES takes issue with whether appellee satisfied the seven-day requirement of R.C. 4141.291(A)(2). This section states:

"(A) Notwithstanding section 4141.29 of the Revised Code, an individual who voluntarily quits his work:

"* * *

"(2) To accept a recall to employment from a prior employer for whom the individual has worked for less than five years, or to accept other employment subject to sections 4141.01 to 4141.46 of the Revised Code, or the unemployment compensation act of another state, or of the United States, *where he commences such employment within seven calendar days,* and in such employment works three weeks and earns wages equal to one and one-half times his average weekly wage or one hundred eighty dollars, whichever is less[.]" (Emphasis added.)

Appellant contends that the trial court improperly allowed appellee's vacation time, October 21 through November 3, 1983, to constitute "work/employment" for purposes of satisfying the requirement of R.C. 4141.291(A)(2) that appellee commenced work within seven days of leaving her previous job.

The First District Court of Appeals recently decided this issue and this court agrees with its reasoning. See *Harkins* v. *Ohio Bur. of Emp. Serv.* (Dec. 10, 1986), Hamilton App. No. C-860039, unreported. In *Harkins* the court held that the time period compensated by vacation pay constituted employment for purposes of R.C. 4141.291(A)(2). Likewise, in the instant case, appellee's resignation at Denny's was effective October 20, 1983. However, she received vacation pay for the period of time from October 21 through November 3, 1983; so, her resignation was not really "effective" until November 3, 1983. She worked at Tortilla Flats from November 9, 1983 to December 2, 1983 and quit with just cause. However, even though appellee performed no services at Denny's between October 21 through November 3, 1983, she remained in its employ and received paychecks or "regular earnings" for that two-week period. Clearly, appellee would not have otherwise been entitled to unemployment compensation benefits since she was employed and was receiving wages. Appellee's vacation pay qualifies as employment for purposes of R.C. 4141.291(A)(2). From the time appellee left Denny's employ on November 3, 1983 and commenced employment at Tortilla Flats on November 9, 1983, seven days had not elapsed. Therefore, based on the decision in *Harkins,* appellee has met the seven-day requirement of R.C. 4141.291(A)(2) to requalify her for unemployment benefits.

Based on the foregoing analysis, the trial court's decision is not unlawful, unreasonable, or against the manifest weight of the evidence. See R.C. 4141.28(O). The sole assignment of error asserted by OBES is not well-taken and is overruled.

*Judgment affirmed.*

REILLY and BOWMAN, JJ., concur.