DECISION AND JOURNAL ENTRY
{¶ 1} Appellant, the Lorain County Auditor ("Auditor"), appeals from the judgment of the Lorain County Court of Common Pleas, which affirmed an administrative decision finding that certain unemployment benefits were potentially chargeable to Appellant. We affirm.
 I. {¶ 2} On November 20, 2000, one of the Appellees, Nancy Prieto, resigned from her employment with Appellant. Shortly after she left her position with Appellant, Prieto began working for Marconi Communications ("Marconi"), on December 27, 2000. She was laid off from her position with Marconi on March 22, 2002. Prieto then filed an application for unemployment benefit rights, on March 25, 2002.
 {¶ 3} The Ohio Department of Job and Family Services ("ODJFS"), another Appellee in this appeal, allowed Prieto's application, with a benefit year beginning March 24, 2002. ODJFS determined that approximately 16% of the total benefits potentially payable were chargeable to Appellant, and assessed Appellant an amount chargeable of $1,138.46. Appellant appealed the decision, and ODJFS issued a redetermination decision affirming its initial determination of benefit rights. Appellant appealed again, and the ODJFS transferred jurisdiction to the Unemployment Compensation Review Commission ("Review Commission").
 {¶ 4} Following a hearing, a hearing officer issued a decision affirming the redetermination decision, holding that the amount chargeable of $1,138.46 was properly assessed to Appellant. The Review Commission denied Appellant's request for further review, and Appellant appealed to the Lorain County Court of Common Pleas. The trial court affirmed the decision of the Review Commission.
 {¶ 5} Appellant timely appealed to this court, raising one assignment of error.
 II. Assignment of Error
"The Auditor is not legally required to pay any portion of a former Employee's Unemployment Compensation award when it is clear and undisputed that the former employee voluntarily quit her employment with the auditor and the employee did not work for the Auditor during the former employee's statutory base period of employment."
 {¶ 6} In its sole assignment of error, Appellant argues that the trial court erred by affirming the decision of the Review Commission, because Prieto's employment with the Appellant was disqualifying, and, furthermore, because she did not work for Appellant during the statutory base period. We disagree.
 {¶ 7} We begin our discussion by noting the standard of review applicable to appeals of unemployment compensation cases. Pursuant to R.C. 4141.282, any interested party may appeal from the Review Commission's decision to the common pleas court of the county where the party is a resident or was last employed. The common pleas court must affirm the decision of the Review Commission unless the decision was unlawful, unreasonable, or against the manifest weight of the evidence. The same standard applies to review by a court of appeals. Tzangas,Plakas Mannos v. Ohio Bur. of Emp. Serv. (1995), 73 Ohio St.3d 694,696-697. A reviewing court is not permitted to make factual findings or determinations of witness credibility; however, a reviewing court must determine if the Review Commission's decision is supported by the evidence in the record. Tzangas, 73 Ohio St.3d at 696.
 {¶ 8} We will first address Appellant's argument that Pietro did not work for Appellant during the statutory base period. R.C. 4141.24(D)(1) provides, in pertinent part: "[b]enefits paid to an eligible individual shall be charged against the account of each employer within the claimant's base period in the proportion to which wages attributable to each employer of the claimant bears to the claimant's total base period wages." R.C. 4141.01(Q)(1) defines the "base period" as "the first four of the last five completed calendar quarters immediately preceding the first day of an individual's benefit year[.]"
 {¶ 9} The first day of Prieto's benefit year was March 24, 2002. Because Prieto's benefit year began during the first quarter of 2002, the most recent completed calendar quarter immediately preceding the first day of Prieto's benefit year was the fourth quarter of 2001. Working back in the calendar four more quarters, we calculate that Prieto's base period ran from October 1, 2000 through September 30, 2001. Because Prieto worked for Appellant until November 20, 2000, she was employed by Appellant during a portion of her statutory base period. Appellant's arguments to the contrary are without merit.
 {¶ 10} We now turn to Appellant's argument regarding the nature of Prieto's departure from her position with Appellant. Appellant maintains that Prieto quit her employment with Appellant without just cause, and that, therefore, an amount chargeable should not have been assessed to Appellant's account. We disagree.
 {¶ 11} R.C. 4141.29(H) provides that, if a claimant is disqualified because he quit work without just cause, "then benefits that may become payable to such claimant, which are chargeable to the account of the employer from whom the individual was separated under such conditions, shall be charged to the mutualized account * * *, provided that no charge shall be made to the mutualized account for benefits chargeable to a reimbursing employer[.]" R.C. 4141.29(H) goes on to explain that, "[i]n the case of a reimbursing employer, the director shall refund or credit to the account of the reimbursing employer any over-paid benefits that are recovered[.]"
 {¶ 12} In sum, R.C. 4141.29(H) provides the accounting procedure to be followed if it is determined that a claimant quit work with a base period employer without just cause. It is undisputed that Appellant, a public entity, has elected to be a reimbursing employer, rather than a contributing employer. While R.C. 4141.29(H) permits potential benefits to be charged against the mutualized account where a claimant has voluntarily quit his position with a base period contributing employer, it plainly prohibits such a transfer of charges with respect to reimbursing employers. Therefore, even assuming that Prieto quit her position with Appellant without just cause, the benefits potentially payable to Prieto were properly assessed to Appellant's account.[1]
 {¶ 13} Appellant's assignment of error is overruled.
 III. {¶ 14} Appellant's assignment of error is overruled. The judgment of the Lorain County Court of Common Pleas is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellant.
Exceptions.
Carr, P.J., Batchelder, J., concur.
[1] Appellant cites Vinson v. AARP Foundation (1999), 134 Ohio App.3d 176
and Webb v. Ohio Bureau of Employment Services (1984), 9th Dist. No. 11616, in support of its argument that Prieto is not entitled to an award of unemployment compensation benefits in connection with her position with Appellant because she quit her position with Appellant without just cause, notwithstanding the fact that she was laid off from Marconi, her subsequent employer. Appellant's reliance upon those two cases is misplaced. In Vinson, the Tenth Appellate District did determine that the claimant was ineligible for unemployment compensation on the basis of her resignation from employment with an antecedent base period employer. However, the court looked to the circumstances of the claimant's departure from that earlier employer only because the claimant's subsequent employer was non-covered. Appellant has not maintained that Marconi is a non-covered employer. In Webb, this court determined that, under the former R.C. 4141.29(D)(2)(a), the claimant was ineligible from receiving unemployment compensation benefits because he quit an antecedent job without just cause and did not begin his new employment within seven days. Former R.C. 4141.29(D)(2)(a) has no bearing upon the instant appeal.