[Cite as *Shields v. Kelly Servs., Inc.*, 2021-Ohio-4018.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

MARION R. SHIELDS,                    :

    Plaintiff-Appellant,        :

                         No. 110701

    v.                          :

KELLY SERVICES, INC., ET AL.,         :

    Defendants-Appellees.       :

JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** November 10, 2021

Civil Appeal from the Cuyahoga County Court of Common Pleas
Case No. CV-21-946953

### *Appearances:*

Lester S. Potash, *for appellant.*

Dave Yost, Ohio Attorney General, and Laurence R. Snyder, Assistant Attorney General, *for appellee.*

EILEEN A. GALLAGHER, J.:

{¶ 1} Appellant Marion Shields ("Shields") appeals the judgment of the Cuyahoga County Court of Common Pleas affirming the determination of Ohio Department of Job and Family Services ("ODJFS") that Shields was not entitled to unemployment compensation. Shields herself testified that she quit Kelly Services,

Inc. ("Kelly Services") to accept a position with Manpower International, Inc. ("Manpower"). Therefore, we cannot say that the decision of the ODJFS is unlawful, unreasonable or against the manifest weight of the evidence. Accordingly, we overrule Shields' assignments of error and affirm the judgment of the trial court.

## I.    Factual and Procedural Background

{¶ 2}    Shields' employment in this case is complicated by the fact that she worked for two temporary employment services: Kelly Services and Manpower. Her actual work was performed for two customers of those services: NeoGraf for Kelly Services and Cintas for Manpower.

{¶ 3}    On April 24, 2020, Shields began working at NeoGraf for Kelly Services. She then gave approximately two weeks' notice to Kelly Services and expected Kelly Services to inform NeoGraf. On June 16, 2020, Shields stopped working at NeoGraf and then started working at a placement with Cintas on behalf of Manpower International. Her first and only day with Cintas was June 22, 2020.

{¶ 4}    Cintas determined that Shields "was not suitable" and she was told not to return to the workplace. Shields testified that she did not know why Cintas determined that. Materials which were submitted by Manpower that indicate the basis are not material for the purposes of the present appeal.[1] This appeal concerns Shields' departure from Kelly Services and NeoGraf.

---

[1] Specifically, Cintas stated that "she was using crude language, that she disclosed that she was nursing a hangover and showed an inappropriate picture to personnel that was training her on her first day."

{¶ 5} At the hearing, Shields' testimony was somewhat inconsistent on why she left Kelly Services.

Q: * * * So did you leave Kelly Services based upon finding other work?

A: Yes.

{¶ 6} However, Shields expressed her view that conditions at NeoGraf were unsatisfactory. The job was described as a full-time position. However, there was not enough work to fill a full day. She testified that the hours per day varied but that her busiest week was a 39-hour work week. Additionally, she viewed the Health and Safety Manager as having singled her out for not following COVID directional arrows on the floor. She claimed that the workplace was filthy with carbon dust and that she had to bring in her own gloves because NeoGraf would not provide her with gloves. Finally, she was placed in a shared cubical with a coworker at the time that COVID was running rampant.

{¶ 7} Shields complained about the posting to Kelly Services and to the HR department of NeoGraf. However, no material changes in her employment at NeoGraf occurred. Shields also requested a different assignment from Kelly Services but never received one. Shields then told Kelly Services that she was quitting her assignment with NeoGraf and accepting a position with Manpower.

{¶ 8} On August 5, 2020, ODJFS determined that Shields was not entitled to unemployment benefits because Shields

> quit without just cause, per Ohio Revised Code Section 4141.29(D)(2)(a). The claimant quit KELLY SERVICES, INC. on 06/16/2020 for other employment. Therefore, no benefits will be paid until the claimant obtains employment subject to * * * unemployment

compensation law, works six weeks, earns wages of $1614, and is otherwise eligible.

{¶ 9} Shields appealed the decision to the Unemployment Compensation Review Commission ("the commission") that conducted a telephonic hearing on March 4, 2021. Following that hearing, the commission issued a decision that affirmed the denial of benefits. Appellant appealed that decision to the Cuyahoga County Court of Common Pleas. The court below issued an opinion affirming the judgment of the commission. Shields now appeals and assigns two errors for our review.

## II. Standard of Review

{¶ 10} "An appellate court may reverse the Unemployment Compensation Board of Review's 'just cause' determination only if it is unlawful, unreasonable or against the manifest weight of the evidence." *Tzangas, Plakas & Mannos v. Admr., Ohio Bur. of Emp. Servs.*, 73 Ohio St.3d 694, 694, 653 N.E.2d 1207 (1995), paragraph one of the syllabus.

{¶ 11} "[A]ppellate courts are not permitted to make factual findings or to determine the credibility of witnesses, they do have the duty to determine whether the board's decision is supported by the evidence in the record. * * * The focus of an appellate court when reviewing an unemployment compensation appeal is upon the commission's decision, not the trial court's decision." *N. Olmsted v. Fox*, 8th Dist. Cuyahoga No. 107519, 2019-Ohio-1776, ¶ 14.

> Assignment of Error No. 1: The Director's Decision applied the wrong law when denying Marion Shields's unemployment compensation claim.

{¶ 12} Appellant points to two different divisions of the same section of the Ohio Revised Code and contends that the court and commission below applied the wrong one.

{¶ 13} First, R.C. 4141.29(A)(5) provides that an individual is eligible for unemployment compensation where that individual "[i]s unable to obtain suitable work." According to appellant she qualifies under this division because she was not able to obtain suitable work during the period because her placement with NeoGraf was unsuitable, no more suitable positions were available from Kelley Services and she did seek to be reassigned from NeoGraf to a different position.

{¶ 14} Second, R.C. 4141.29(D)(2)(a) provides in material part that "[n]otwithstanding division (A) of this section, no individual may * * * be paid benefits * * * [f]or the duration of the individual's unemployment if the director finds that * * * [t]he individual quit work without just cause[.]"

{¶ 15} The structure and language of the revised code makes it clear that if Shields quit Kelly Services without just cause then she is not entitled to benefits under division (D) even if she otherwise qualifies under division (A). The review commission expressly determined that "[e]ven if [Shields's reasoning were] accepted as the reason for [her] decision to quit, the Hearing Officer is not persuaded that her explanations would be sufficient to support a finding that she quit with just cause."

{¶ 16} The difficulty for appellant here is that her testimony established that Shields viewed the conditions of her work for NeoGraf as unacceptable from the

beginning of her placement at NeoGraf on April 24, 2020.  Shields also complained to a Kelly Services representative more than once a few weeks prior to her decision to accept work at Manpower International.  Notwithstanding that dissatisfaction Shields only gave notice to Kelly Services after she had secured a position at Manpower.  Further, when asked, Shields agreed that she left "Kelly Services based upon finding other work[.]"

{¶ 17}  Shields also contends that she did not quit Kelly Services but only her placement at NeoGraf.  "When Shields' assignment at Neo[G]raf terminated, Shields inquired of Kelly of other temporary work assignments."  However, Shields testified that "the main reason why [she] left Kelly Services was that [she] found other work[.]"  Thus, we cannot say that the commission erred in determining that Shields primarily quit based on the placement with Manpower.  Quitting to accept a better paying job is quitting without just cause.  *Radcliffe v. Artromick Internatl., Inc.*, 31 Ohio St.3d 40, 41, 508 N.E.2d 953 (1987).  "Generally, an employee who terminates employment in order to accept other employment quits without just cause and is not eligible for unemployment benefits, even if the employee leaves for a better paying job."  *Vinson v. AARP Found.*, 134 Ohio App.3d 176, 178-179, 730 N.E.2d 479 (10th Dist.1999).

{¶ 18}  Accordingly, there was evidence in the record to support the conclusion of the review commission that Shields left the placement at NeoGraf because Shields viewed the placement at Cintas through Manpower as more desirable.

Assignment of Error No. 2: The Director's Decision denying Marion Shields's unemployment compensation claim is against the manifest weight of the evidence.

{¶ 19} Next Shields contends that the decision of the commission and the trial court are against the manifest weight of the evidence. Here, appellant contends that Kelly Services "effectively 'laid-off' Shields in that it (Kelly) had no other 'suitable work assignments' for Shields." For the reasons laid out above, we cannot say that the determination of the agency is against the manifest weight of the evidence.

{¶ 20} Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the court of common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____

EILEEN A. GALLAGHER, JUDGE

FRANK D. CELEBREZZE, JR., P.J., and
KATHLEEN ANN KEOUGH, J., CONCUR