CAMPBELL, Appellee,

v.

OHIO BUREAU OF EMPLOYMENT SERVICES, Appellant, et al.

[Cite as *Campbell v. Ohio Bur. of Emp. Serv.* (1991), 74 Ohio App.3d 603.]

Court of Appeals of Ohio,
Crawford County.

No. 3-90-36.

Decided June 18, 1991.

*Stephen E. Weithman,* for appellee.

*Lee I. Fisher,* Attorney General, and *Charles Zamora,* for appellant.

SHAW, Judge.

Appellant, Ohio Bureau of Employment Services, appeals from a judgment entered in the Court of Common Pleas of Crawford County.

Appellee, Denny Campbell, filed a notice of appeal to the court of common pleas from the decision of the referee of the board of review denying appellee unemployment compensation benefits. Appellant moved to dismiss the appeal on the grounds that appellee did not appeal the decision of the referee to the full board of review as required by R.C. 4141.28(L).[1] Thus, appellant asserted, because appellee failed to exhaust his administrative remedies, the trial court lacked subject matter jurisdiction.

The court of common pleas overruled appellant's motion to dismiss and remanded the matter to the board of review for consideration of the decision

---

1. R.C. 4141.28(L) states in pertinent part that:
 "All interested parties shall be notified of the referee's decision which shall include the reasons therefor, which decision shall become final unless, within twenty-one days after the decision was mailed to the last known post-office address of such parties, * * * an application to institute a further appeal before the board is filed by any interested party and such appeal is allowed by the board."

of the referee. It is from this judgment that appellant appeals and asserts the following assignment of error:

"The court below erroneously remanded the instant case back to the unemployment compensation board of review because such court lacked subject matter jurisdiction due to the claimant's failure to exhaust his administrative remedies provided by the Ohio unemployment compensation act."

 "It is a well-established principle of Ohio law that, prior to seeking court action in an administrative matter, the party must exhaust the available avenues of administrative relief through administrative appeal. * * * " (Citation omitted.) *Noernberg v. Brook Park* (1980), 63 Ohio St.2d 26, 29, 17 O.O.3d 16, 18, 406 N.E.2d 1095, 1097. Jurisdiction to review administrative determinations is conferred upon the court of common pleas only after an interested party has exhausted available administrative remedies. *Id.*

R.C. 4141.28(L) provides that an appeal from an adverse decision of the referee is accomplished by the filing of a further appeal with the board of review. There is no provision for appeal directly to the court of common pleas from the referee's decision.

The record before this court establishes that appellee failed to file a further appeal to the board of review from the referee's decision. Instead, appellee filed a notice of appeal of the referee's decision in the court of common pleas. Appellee failed to exhaust his administrative remedies by not initiating a further appeal to the board of review. Therefore, the court of common pleas was without jurisdiction to review the decision of the referee or to remand the matter to the board of review. Accordingly, the assignment of error is well taken.

For the reasons stated, the judgment of the court of common pleas is reversed and vacated.

*Judgment reversed*
*and vacated.*

THOMAS F. BRYANT, P.J., and EVANS, J., concur.