OPINION
This is an accelerated calendar appeal from the Ashtabula County Court of Common Pleas. Appellant, Paul R. Claren, appeals from a judgment of the trial court granting the amended motion to dismiss of appellee, Administrator, Ohio Bureau of Employment Services ("OBES"), based on a lack of subject matter jurisdiction over the administrative appeal emanating from an adverse decision against appellant with respect to his unemployment compensation claim.[1]
Appellant was employed by the Western Reserve Psychiatric Rehabilitation Center from October 28, 1977, to January 3, 1996, when he was discharged for patient abuse. Appellant filed an application for determination of benefit rights and claim for benefits on January 11, 1996. OBES determined that appellant was discharged for just cause and disallowed benefits on February 5, 1996. On request for reconsideration by appellant, OBES affirmed the initial determination on April 4, 1996. Appellant then appealed to the Board of Review ("Board of Review") where two hearings were held, on May 22 and June 14, 1996, before a hearing officer for the Board of Review. In a decision dated July 3, 1996, the hearing officer affirmed the decision of OBES on reconsideration, and determined that appellant was discharged for just cause.
Appellant did not file an application to institute a further appeal before the board, pursuant to R.C. 4141.28(L).[2]
Instead, appellant appealed the hearing officer's decision directly to the Ashtabula County Court of Common Pleas on July 25, 1996.
Appellee moved to dismiss the appeal on the ground that appellant had failed to exhaust his administrative remedies since he had not appealed the decision of the hearing officer to the full Board of Review as required by R.C. 4141.28(L). The trial court granted appellee's motion to dismiss for lack of subject matter jurisdiction, holding that "compliance with each step of the administrative appeal process is a jurisdictional prerequisite to appeal to the [c]ommon [p]leas [c]ourt." The court further held that "R.C. 4141.28 does not violate requirements of due process and is not unconstitutional."
Appellant timely appealed and raises the following assignment of error:
 "The common pleas court erred in sustaining [a]ppellee's motion to dismiss and dismissing [a]ppellant's appeal."
Appellant's assignment of error is not well-taken. "An appeal, the right to which is conferred by statute, can be perfected only in the mode prescribed by statute. The exercise of the right conferred is conditioned upon compliance with the accompanying mandatory requirements." Zier v. Bur. of Unemployment Comp. (1949), 151 Ohio St. 123, paragraph one of the syllabus.
The Supreme Court of Ohio has also concluded that:
 "It is a well-established principle of Ohio law that, prior to seeking court action in an administrative matter, the party must exhaust the available avenues of administrative relief through administrative appeal. * * *" (Citation omitted.) Noernberg v. Brook Park (1980), 63 Ohio St.2d 26, 29.
"Jurisdiction to review administrative determinations is conferred upon the court of common pleas only after an interested party has exhausted available administrative remedies." Campbellv. Ohio Bur. of Emp. Serv. (1991), 74 Ohio App.3d 603, 605.
R.C. 4141.28(L) provides:
 "All interested parties shall be notified of the referee's decision, which shall include the reasons therefor. The referee's decision shall become final unless, within twenty- one days after the decision was mailed to the last known post- office address of such parties, or within an extended period pursuant to division (R) of this section, the commission on its own motion removes or transfers such claim to itself or an application to institute a further appeal before the commission is filed by any interested party and such appeal is allowed by the commission." (Emphasis added.)
The Campbell court further stated "R.C. 4141.28(L) provides that an appeal from an adverse decision of the referee is accomplished by the filing of a further appeal with the board of review. There is no provision for appeal directly to the court of common pleas from the referee's decision." Id. at 605.
The record before this court indicates that appellant did not file a further appeal from the referee's decision to the Board of Review. Because appellant "failed to exhaust his administrative remedies by not initiating a further appeal to the board of review * * * the court of common pleas was without jurisdiction to review the decision of the [hearing officer] or to remand the matter to the board of review." Id. at 605.[3] Thus, the trial court properly granted the motion to dismiss the action for lack of subject matter jurisdiction. Appellant's assignment of error is not well-founded.
Furthermore, the Eighth District Court of Appeals in Pechman v.Carlton Douglas Advertising Co. (Apr. 27, 1978), Cuyahoga App. No. 37054, unreported, at 3-4, 1978 Ohio App. LEXIS 10289, did not hold that R.C. 4141.28 was unconstitutional for vagueness or because it was ambiguous. It did, however, characterize this statute as being inartfully drafted.
Moreover, appellant "received all that due process requires — notice and an opportunity for some kind of hearing prior to deprivation of a protected interest. Mullane v. Cent. Hanover Bank Trust Co. (1950), 339 U.S. 306 * * *; Bd. of Regents of StateColleges v. Roth (1972), 408 U.S. 564 * * *." (Parallel citations omitted.) State ex rel. Midwest Pride IV, Inc. v. Pontious (1996),75 Ohio St.3d 565, 567.
For the foregoing reasons, appellant's assignment of error is without merit. The judgment of the Ashtabula County Court of Common Pleas is affirmed.
DONALD R. FORD, PRESIDING JUDGE.
CHRISTLEY, J., and NADER, J., concur.
[1] Defendants, Board of Review and Western Reserve Psychiatric Rehabilitation Center, are not parties to the instant appeal.
[2] The hearing officer's decision advised appellant of the fact that "[a]n application to institute further appeal before the Board of Review may be filed by any interested party within twenty-one calendar days after this decision is mailed."
[3] See, also, Kelleys Island Local Bd.of Edn. v. Farmer (Feb. 12, 1993), Erie App. No. E-92-33, unreported, 1993 Ohio App. LEXIS 744.