DECISION AND JOURNAL ENTRY
{¶ 1} Appellants, Kenneth Turowski, and Richard and Peggy Dobbins, appeal from the order of the Barberton Municipal Court which dismissed Appellants' complaint for lack of jurisdiction. We affirm.
 {¶ 2} Appellants filed their complaint on February 5, 2002. The complaint was served on Appellee, Apple Vacations, Inc., by certified mail on February 11, 2002. Appellee failed to file a timely answer on March 11, 2002. Thereafter, on March 12, 2002, Appellants filed and the trial court granted a motion for default judgment.
 {¶ 3} On March 14, 2002, Appellee filed an untimely motion for automatic leave to plead. Upon learning of the entry of default judgment, Appellee subsequently filed a motion for relief from judgment, pursuant to Civ.R. 60(B) on March 15, 2002. Thereafter, Appellants filed a reply. The trial court scheduled a hearing on the motion for May 7, 2002. On April 5, 2002, the court granted Appellee's motion for relief. Appellants appealed, and this Court reversed, finding that the record was insufficient to support the granting of relief from judgment. Turowskiv. Apple Vacations, Inc., 9th Dist. No. 21074, 2002-Ohio-6988. The matter was then remanded to the Barberton Municipal Court for further proceedings.
 {¶ 4} Appellee then filed a second motion for relief from judgment and requested an evidentiary hearing. Appellee raised issues regarding the jurisdictional limits of municipal courts pursuant to R.C. 1901.17. A hearing was held and the court dismissed Appellants' complaint for lack of subject matter jurisdiction upon finding that Appellants' prayer for relief was in excess of the monetary limits of a municipal court. Appellants then appealed, raising two assignments of error for review.
 First Assignment of Error
"The trial court erred in dismissing appellants' claims on the grounds of lack of subject matter jurisdiction, and erred in determining that [appellants'] claims exceeded the court's monetary jurisdiction."
 {¶ 5} In their first assignment of error, Appellants assert that the trial court committed error when it dismissed their complaint for lack of subject matter jurisdiction. More specifically, Appellants maintain that the court erred in determining that their claims exceeded the court's monetary limits as provided in R.C. 1901.17. Additionally, they argue that a court's monetary jurisdiction is essentially a challenge to a venue, which has been waived by Appellee. We disagree.
 {¶ 6} Pursuant to R.C. 1901.18, and contrary to Appellants' arguments, the original subject matter jurisdiction of a municipal court is subject to the monetary limits as provided in R.C. 1901.17. Behrle v.Beam (1983), 6 Ohio St.3d 41, 43, 44; Meadow Brook Properties v. AmericanAsphalt Sealcoating Co. (Sept. 30, 1998), 11th Dist. No. 97-L-249. When the monetary amount sought exceeds the municipal court's limit on subject matter jurisdiction the court is without jurisdiction to decide the matter. State ex rel. Natl. Emp. Benefit Servs., Inc. v. Cuyahoga Cty.Court of Common Pleas (1990), 49 Ohio St.3d 49, 50; Jade, Inc. v.Marketing Services by Vectra, Inc., 10th Dist. Nos. 02AP-50 and 02AP-120, 2002-Ohio-4726, at ¶ 14. R.C. 1901.17 and R.C. 1901.18(A)(3) provide that a municipal court has subject matter jurisdiction over any action at law based on a contract in which the amount claimed by any party does not exceed $15,000. We note that subject matter jurisdiction may be raised sua sponte. See First Merit v. Beers, 9th Dist. No. 21010, 2002-Ohio-4247, at ¶ 11, fn. 2. Thus, we will address this argument regardless of how and when it was raised. Id.
 {¶ 7} The instant matter is based on an alleged breach of contract. The amount sought by each party exceeds the $15,000 limit. Appellants prayer for damages is as follows:
"1. On their First Cause of Action, for compensatory damages in the amount of $1,178.38 [for Appellant Turowski] and $1,269.19 [for Appellants Richard and Peggy Dobbins].
"2. On their Second Cause of Action, for compensatory damages in the amount of $1,178.38 and $1,269.19 and punitive damages in the amount of $10,000.00 per [Appellant].
"3. On their Third Cause of Action, for compensatory damages trebled in nature.
"4. For costs, interests, attorneys fees permitted by law and any other relief to which [Appellants] are entitled." (Emphasis added.)
 {¶ 8} As there is no indication that these claims are pled in the alternative, the demand for relief is in the conjunctive. See Droeder v.Minot (Aug 13, 1993), 11th Dist. No. 92-T-4751. Thus, Appellant Turowski sought damages in the amount of $15,891.90 and Appellants Richard and Peggy Dobbins, sought damages in an amount of at least $16,345.95. Accordingly, the trial court lacked subject matter jurisdiction over this action and the court was unable to determine the claims in any way. SeeState ex rel. Natl. Emp. Benefit Serv., Inc., 49 Ohio St.3d at 50; Wojtonv. Riverside Apartments (Feb. 3, 1995), 2nd Dist. No. 14691; Civ.R. 12(H)(3). The complaint was properly dismissed. Accordingly, Appellants' first assignment of error is overruled.
 Second Assignment of Error
"The trial court erred in effectively denying appellants' motion for sanctions agaisnt appellee and its counsel."
 {¶ 9} In light of the disposition of the first assignment of error, we decline to address Appellants' second assignment of error as it has been rendered moot. See App.R. 12(A)(1)(c).
 {¶ 10} Appellants' first assignment of error is overruled. The second assignment of error has not been addressed. The order of the Barberton Municipal Count Court of Common Pleas is affirmed.
Judgment affirmed.
Slaby, P.J. and Carr, J. concur.