DECISION AND JOURNAL ENTRY
{¶ 1} Appellants, Tiger General, Inc., Mark Overholt and Sherry Overholt, appeal the judgment of the Medina Municipal Court. This Court vacates the judgment.
 I. {¶ 2} On May 7, 2002, appellee, Lance Langan Water Jetting, Inc., filed a complaint in the Medina Municipal Court, alleging appellants' failure to pay money due in the first count and unjust enrichment in the second count. In its prayer for relief, appellee demanded:
"1. As to Count One total damages of $10,000.00, plus interest at the rate of 10% per annum, attorney fees, and costs; and
"2. As to Count Two total damages of $10,000.00 plus interest at the rate of 10% per annum, attorney fees, and costs[.]" (Emphasis added.)
 {¶ 3} On June 13, 2002, the magistrate issued an order, granting consolidation of appellee's case with two small claims cases filed earlier by appellant, Tiger General, Inc. Appellant had filed two complaints against appellee, seeking payment of money due.
 {¶ 4} The consolidated matters proceeded to trial before the magistrate on December 5, 2002. On February 19, 2004, the magistrate issued her decision, wherein she granted judgment in favor of appellee in the amount of $5,761.76 on appellee's complaint. The magistrate further granted judgment in favor of appellee on appellant Tiger General, Inc.'s two small claims complaints, dismissing those complaints with prejudice. Appellants filed objections to the magistrate's decision.
 {¶ 5} On February 4, 2005, the trial court issued its judgment entry, sustaining in part and overruling in part appellants' objections. The trial court rendered judgment on appellee's complaint in favor of appellee against appellants, jointly and severally, in the amount of $6,207.38, plus interest at the rate of 5% per annum and costs. The trial court further rendered judgment on appellant Tiger General, Inc.'s small claims complaints in favor of appellant against appellee, in the amount of $4,200.00, plus interest at the rate of 5% per annum. Appellants timely appealed, setting forth four assignments of error for review. As it is dispositive of this appeal, this Court will address the third assignment of error first.
 II. ASSIGNMENT OF ERROR III
"THE COURT ERRED IN GRANTING JUDGMENT ON PLAINTIFF'S COMPLAINT WHERE THE PRAYER OF THE COMPLAINT EXCEEDED THE MONETARY JURISDICTION OF THE MEDINA MUNICIPAL COURT."
 {¶ 6} Appellants argue that the trial court had no jurisdiction to consider appellee's complaint and, therefore, granted judgment to appellee in error. This Court agrees.
 {¶ 7} R.C. 1901.18 sets forth the subject matter jurisdiction of municipal courts, subject to the monetary jurisdiction set forth in R.C.1901.17. R.C. 1901.17 provides that a municipal court has jurisdiction "only in those cases in which the amount claimed by any party * * * does not exceed fifteen thousand dollars[.]" This Court has previously recognized that the municipal court is without jurisdiction to decide the matter when the monetary amount sought exceeds the municipal court's limit on subject matter jurisdiction. Turowski v. Apple Vacations Inc.,
9th Dist. No. 21535, 2004-Ohio-33, at ¶ 6, citing State ex rel. Court of Appeals of Ohio, Ninth Judicial District v. Natl. Emp. Benefits Servs.,Inc. v. Cuyahoga Cty. Court of Common Pleas (1990), 49 Ohio St.3d 49, 50.
 {¶ 8} In this case, the amount of damages sought by appellee exceeds the $15,000.00 limit. This Court reiterates appellee's prayer for relief:
"1. As to Count One total damages of $10,000.00, plus interest at the rate of 10% per annum, attorney fees, and costs; and
"2. As to Count Two total damages of $10,000.00 plus interest at the rate of 10% per annum, attorney fees, and costs[.]" (Emphasis added.)
 {¶ 9} Because there is no indication that these claims were pled in the alternative, the demand for relief is in the conjunctive. Turowski at ¶ 8. Appellee sought damages in the amount of $20,000.00. Accordingly, the trial court lacked subject matter jurisdiction over this action and the trial court was unable to determine the claims in any way. Id. Further, the trial court had no authority to consolidate appellant Tiger General, Inc.'s two small claims cases with a case which it had no jurisdiction to consider. Therefore, the trial court had no jurisdiction to address appellant Tiger General, Inc.'s two small claims cases within the context of the court's consolidation of the matters. Appellants' third assignment of error is sustained.
 ASSIGNMENT OF ERROR I
"DEFENDANTS WERE DENIED DUE PROCESS OF LAW WHEN THE COURT RULED THAT THE PROFFERED WITNESS LIST AND EXHIBIT LIST SUBMITTED BY DEFENDANTS PRECLUDED DEFENDANTS FROM PRESENTING DEFENSE."
 ASSIGNMENT OF ERROR II
"DEFENDANTS, MARK OVERHOLT AND SHERRY OVERHOLT WERE DENIED DUE PROCESS OF LAW WHEN THE COURT EXCLUDED THEIR EXHIBITS AND WITNESSES."
 ASSIGNMENT OF ERROR IV
"THE COURT ERRED IN AWARDING PLAINTIFF DAMAGES AGAINST DEFENDANTS."
 {¶ 10} Due to this Court's disposition of appellants' third assignment of error, we need not reach the merits of appellants' first, second and fourth assignments of error, as they are now rendered moot. App.R. 12(A)(1)(c).
 III. {¶ 11} Appellants' third assignment of error, which disposes of this appeal, is sustained. Accordingly, the judgment of the Medina Municipal Court is vacated.
Judgment vacated.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Medina Municipal Court, County of Medina, State of Ohio, to carry this judgment Court of Appeals of Ohio, Ninth Judicial District into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to appellants.
Exceptions.
Whitmore, P.J., Moore, J. Concur