[Cite as *Temethy v. Dept. Job & Family Servs.*, 2026-Ohio-930.]

# COURT OF APPEALS OF OHIO

# EIGHTH APPELLATE DISTRICT
# COUNTY OF CUYAHOGA

ROGER GEORGE TEMETHY,  :

    Plaintiff-Appellant,  :

    v.  :

No. 115202

OHIO DEPARTMENT JOB & FAMILY
SERVICES, ET AL.,  :

    Defendants-Appellees.  :

---

## JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** March 19, 2026

---

Civil Appeal from the Cuyahoga County Court of Common Pleas
Case No. CV-25-114635

---

### *Appearances:*

Roger G. Temethy, *pro se.*

Dave Yost, Attorney General of Ohio, and Caitlyn N. Johnson, and Bradley Steen, Assistant Attorneys General, *for appellees*.

MARY J. BOYLE, P.J.:

{¶ 1} Plaintiff-appellant Roger George Temethy ("Temethy"), pro se, appeals the trial court's judgment, dismissing his complaint for lack of subject-

matter jurisdiction. He raises the following "statements of the assignments of error" for review:

> **Statement of the Assignment of Error One:** The Ohio Court of Claims erred by not allowing the victim of a crime even state his case 2010-50671 VI. . . [Commissioner] got up and walked off the bench as soon as the victim started to speak. after driving for 4 hours the victim of a crime . . . Grand larceny//Felony . . . CV-03-513371. . . the victim [Temethy] asked the bailiff if that was it? I don't get to speak? He said . . . "I guess not sir". Everyone then left the room. His rights were violated. Since then as with the other matter, this process is directed under [the Attorney General].

> **Statement of the Assignment of Error Two:** The Common Pleas Court of Cuyahoga County erred by not allowing [Temethy] his day in court several times as well as denying his right to due process and civil and constitutional rights as given by the United States Constitution. [The trial judge] even put this in a docket entry Monday June 16, 2025. Evidence presented previously. Nobody is above the law. The extreme bias shown [against Temethy] is unjust and unlawful. It seems [appellees] don't have to do anything for some odd reason.

> **Statement of the Assignment of Error Three:** Both [Governors Kasich and DeWine] as well as [Attorney Generals Yost and Damschroder] have wasted the State's tax money on eight (8) attorneys on this case instead of just doing the right thing after the preponderance [of the evidence] has been submitted.

{¶ 2} For the reasons set forth below, we affirm.

## I. Facts and Procedural History

{¶ 3} This appeal arises from Temethy's pro se complaint against defendants-appellees the Ohio Department of Job and Family Services ("ODJFS") and the Ohio Court of Claims (collectively "appellees") for money damages Temethy alleges he is owed as a result of his unemployment compensation claim from more

than 10 years ago.[1] In his two-page complaint, Temethy alleges that he is a 75-year-old man who has worked in Ohio for nearly 60 years. He seeks "his unemployment that was never received when the known antiquated and outdated phone system was down." (Complaint, Mar. 31, 2025.) Temethy also alleges that he has been threatened by the Ohio State Patrol, which is not a party to this case, and that Robert L. Ferguson (former ODJFS Chief Inspector) sent him a threatening letter. He alleges that ODJFS "said that Ferguson did no wrong!" (Complaint, Mar. 31, 2025.) He requests "$300,000 from each agency" in damages. (Complaint, Mar. 31, 2025.)

{¶ 4} In response, appellees moved to dismiss the case under Civ.R. 12(B)(1) and (B)(6), arguing the trial court lacked subject-matter jurisdiction and Temethy failed to state a claim upon which relief can be granted. Alternatively, appellees requested that the matter be transferred to the Franklin County Court of Common Pleas. According to appellees, this is the second time Temethy filed the same action against them in the trial court. The first case, Cuyahoga C.P. No. CV-25-111005, was ultimately dismissed for lack of subject-matter jurisdiction.[2] The court found that "any claim for money damages against [ODJFS] must be filed in

---

[1] In appellees' motion to dismiss, they state that Temethy filed a case against ODJFS in the Ohio Court of Claims in July 2024, for $7,400 in damages related to his 2010 and 2013 unemployment claims. This case was dismissed in August 2024, because Temethy brought it under R.C. 2743.75, which authorizes cases asserting violations of Ohio's public records law. Days later, Temethy filed another case against ODJFS in the Ohio Court of Claims seeking the same relief. ODJFS moved to dismiss this lawsuit for lack of subject-matter jurisdiction, which the Court of Claims granted.

[2] A court may take notice of a court docket that is publicly available on the internet. *State ex rel. Everhart v. McIntosh*, 2007-Ohio-4798, ¶ 8.

the Ohio Court of Claims. Also, the Ohio Court of Claims isn't a proper party-defendant since it is not sui juris."[3] (Journal entry, Mar. 25, 2025.) Six days later, on March 31, 2025, Temethy filed this case, raising the exact same issues. Appellees argued that the Ohio Court of Claims is not sui juris and cannot be sued; Temethy's claim for money damages against ODJFS can only be brought, if at all, in the Ohio Court of Claims; the trial court lacked subject-matter jurisdiction over this action because the determination of unemployment compensation benefits is committed to a special statutory proceeding; this second case is barred under the doctrine of res judicata; and Temethy's complaint fails to state a claim upon which relief can be granted.

{¶ 5} On May 27, 2025, the court granted appellees' motion and dismissed this case pursuant to Civ.R. 12(B)(1) for lack of subject-matter jurisdiction. The court stated:

> Any claim for money damages against [ODJFS] must be filed in the Ohio Court of Claims. The court also lacks subject matter jurisdiction to hear [Temethy's] unemployment compensation claims because the Ohio General Assembly has enacted a special statutory proceeding to address such claims and an original action would be inappropriate where the special statutory proceedings would be bypassed. Finally, the Ohio Court of Claims isn't a proper party defendant since it is not sui juris.

---

[3] "'Sui juris' means 'possessing full capacity and rights to sue or be sued.'" *Estate of Fleenor v. Ottawa Cty.*, 2022-Ohio-3581, ¶ 3, fn. 1, quoting *Mollette v. Portsmouth City Council*, 2006-Ohio-6289, ¶ 1 (4th Dist.).

(Journal entry, May 27, 2025.)[4]

**{¶ 6}** It is from this order that Temethy now appeals.

## II. Law and Analysis

**{¶ 7}** As an initial matter, we note appellees argue that we should disregard Temethy's assigned errors because he failed to comply with the appellate rules of procedure and his argument is unrelated to the dismissal of his case. Specifically, Temethy failed to make any references to the record identifying the alleged errors made in the trial court in violation of App.R. 16(A)(3), as well as failed to reference the assignment of error to which the statement of the issues relates, as required by App.R. 16(A)(4). Additionally, App.R. 16(A)(7) requires an appellant's brief to include "[a]n argument containing the contentions of the appellant with respect to each assignment of error presented for review and the reasons in support of the contentions, with citations to the authorities, statutes, and parts of the record on which appellant relies." While we may disregard Temethy's assignments of error on these grounds alone, we will address his arguments in the interest of justice.[5]

---

[4] We note that in its journal entry, the trial court dismissed the matter under Civ.R. 12(A)(1). We recognize that this is a typographical error and the applicable section is Civ.R. 12(B)(1).

[5] To the extent Temethy argues that the trial judge should have recused herself because she dismissed his prior case, we find that this argument was not properly raised. As this court stated, "[C]hallenges of judicial prejudice and bias are not properly brought before an appellate court. 'Rather, appellant must make such a challenge under the provisions of R.C. 2701.03, which requires an affidavit of prejudice to be filed with the Supreme Court of Ohio.'" *Fisher v. Fisher*, 2011-Ohio-5251, ¶ 43 (8th Dist.), quoting *Baker v. Ohio Dept. of Rehab. & Corr.*, 144 Ohio App.3d 740, 745 (4th Dist. 2001).

**A. Standard of Review**

{¶ 8} In this case, appellees' motion to dismiss was brought under Civ.R. 12(B)(1), which provides for the dismissal of a complaint where the trial court lacks jurisdiction over the subject matter of the litigation. We note that the "[s]ubject-matter jurisdiction of a court connotes the power to hear and decide a case upon its merits[.]" *Morrison v. Steiner*, 32 Ohio St.2d 86, 86 (1972), paragraph one of the syllabus. "'[I]n the absence of subject-matter jurisdiction, a court lacks the authority to do anything but announce its lack of jurisdiction and dismiss[.]'" *State v. Hudson*, 2022-Ohio-1435, ¶ 22, quoting *Pratts v. Hurley*, 2004-Ohio-1980, ¶ 21.

{¶ 9} We review a trial court's ruling on a motion to dismiss pursuant to Civ.R. 12(B)(1) de novo. *State ex rel. Ohio Civ. Serv. Emps. Assn. v. State of Ohio*, 2016-Ohio-478, ¶ 12, citing *Groza-Vance v. Vance*, 2005-Ohio-3815, ¶ 13 (10th Dist.). Under a de novo review, this court "'afford[s] no deference to the trial court's decision and independently review[s] the record.'" *Martin v. Accel Schools Ohio*, 2025-Ohio-3150, ¶ 15 (8th Dist.), quoting *Johnson v. Cleveland City School Dist.*, 2011-Ohio-2778, ¶ 53 (8th Dist.).

{¶ 10} While the nature of Temethy's claims against appellees is not entirely clear, he specifically requested relief in the amount of "$300,000.00 from each agency." (Complaint, Mar. 31, 2025.) As a result, we will in turn address the propriety of the dismissal regarding each appellee separately.

## B. Ohio Court of Claims

**{¶ 11}** Here, the trial court concluded that it lacked subject-matter jurisdiction over the Ohio Court of Claims because the Ohio Court of Claims is not "sui juris." As defined above, "'[s]ui juris' means 'possessing full capacity and rights to sue or be sued.'" *Estate of Fleenor*, 2022-Ohio-3581, at ¶ 3, fn. 1, quoting *Mollette*, 2006-Ohio-6289, at ¶ 1 (4th Dist.). The Ohio Supreme Court has held that a court is not sui juris. *Malone v. Court of Common Pleas*, 45 Ohio St.2d 245, 248 (1976), citing *Todd v. United States*, 158 U.S. 278, 284 (1895). The *Malone* Court explained that a "'court is defined to be a place in which justice is judicially administered.'" *Id.*, quoting *id.* Therefore, "'[a]bsent express statutory authority, a court can neither sue nor be sued in its own right.'" *Malone* at 248, quoting *State ex rel. Cleveland Mun. Court v. Cleveland City Council*, 34 Ohio St.2d 120, 121 (1973).

**{¶ 12}** Because Temethy failed to demonstrate any authority allowing the Ohio Court of Claims to be sued in this instance, we find that the trial court properly determined that it lacked subject-matter jurisdiction with respect to the Ohio Court of Claims.

## C. ODJFS

**{¶ 13}** Next, the trial court determined that it lacked subject-matter jurisdiction over Temethy's claims against ODJFS because: (1) claims for money damages against ODJFS must be filed in the Ohio Court of Claims and (2)

unemployment compensation claims are governed by a special statutory proceeding.  We agree with the trial court's determination.

### 1. Claims for Money Damages

{¶ 14} "In 1975, the General Assembly enacted [the Court of Claims Act] creating the Court of Claims and specifying the forum and manner in which actions may be brought against the state and its officers and employees." *Conley v. Shearer*, 64 Ohio St.3d 284, 286 (1992), citing R.C. 2743.01 to 2743.72.  R.C. 2743.01(A) defines "State" to mean "the state of Ohio, including, but not limited to . . . all its departments, boards, offices, commissions, [and] agencies[.]"  Under the Court of Claims Act, the State can only be sued in the Ohio Court of Claims, giving the Court of Claims "exclusive, original jurisdiction" over causes of action involving a civil suit for money damages against the State.  *Boggs v. State*, 8 Ohio St.3d 15, 16-17 (1983) (finding the language of the Court of Claims Act "clear and unambiguous" and that it does not "in any way give consent for the state to be sued in any forum other than the Court of Claims"); R.C. 2743.02(A)(1).

{¶ 15} The exact nature of Temethy's claims against ODJFS is not entirely clear.  He specifically requested relief in the amount of "$300,000.00 from [ODJFS]."  (Complaint, Mar. 31, 2025.)  Because Temethy requested money damages and ODJFS is a department of the State of Ohio, we find the trial court correctly determined that it lacked subject-matter jurisdiction over Temethy's claim against ODJFS.  *See* R.C. 121.02(H).  Temethy's money damages against ODJFS

belongs in the Court of Claims. Therefore, the trial court's dismissal of Temethy's complaint on these grounds was proper.

{¶ 16} We next address Temethy's request for the trial court to determine his unemployment benefits claim.

## 2. Unemployment Claims are Governed by R.C. Chapter 4141

{¶ 17} In Ohio, R.C. Ch. 4141 sets forth the statutory framework for unemployment benefits, including applications for the determination of benefits and hearing and appeal rights. Under R.C. 4141.281, a benefits determination must first be appealed within 21 days to the ODJFS Director, who will either issue a redetermination or transfer the appeal to the Unemployment Compensation Review Commission ("UCRC") for a hearing. "A redetermination under this section is appealable in the same manner as an initial determination by the director." R.C. 4141.281(B). Once transferred to the UCRC, a hearing officer will conduct a hearing and issue a decision as set forth in R.C. 4141.281(C). If the party is unsatisfied with the hearing officer's decision, the party can request review by the full commission. R.C. 4141.281(C). If the party is unsatisfied with the commission's decision, the party can then appeal to the common pleas court within 30 days of the final decision as set forth in R.C. 4141.282.

{¶ 18} While R.C. 4141.282 allows a claimant to appeal the "final decision" to the court of common pleas, the court of common pleas does not gain jurisdiction to hear the appeal unless the claimant first exhausted all administrative remedies. Indeed, "'[i]t is a well-established principle of Ohio law that, prior to seeking court

action in an administrative matter, the party must exhaust the available avenues of administrative relief through administrative appeal.'" *Nemazee v. Mt. Sinai Med. Ctr.*, 56 Ohio St.3d 109, 111 (1990), quoting *Noernberg v. Brook Park*, 63 Ohio St.2d 26, 29 (1980), citing *State ex rel. Lieux v. Westlake*, 154 Ohio St. 412 (1951); *see Campbell v. Ohio Bur. of Emp. Serv.*, 74 Ohio App.3d 603, 605 (3d Dist. 1991) ("Jurisdiction to review administrative determinations is conferred upon the court of common pleas only after an interested party has exhausted available administrative remedies." *Id.*, citing *Norenberg*.)

{¶ 19} From what can be gleaned from the record in this case, Temethy asked the lower court to "decide on him getting his unemployment." (Complaint, Mar. 31, 2025.) Temethy, however, did not exhaust the available avenues of administrative relief through an administrative appeal prior to filing his complaint in the trial court. Because Temethy bypassed the administrative remedies set forth in R.C. Ch. 4141, we find that trial court's dismissal for lack of subject-matter jurisdiction was proper. *State ex rel. Smith v. Frost*, 74 Ohio St.3d 107, 112 (1995) (holding that courts "patently and unambiguously" lack jurisdiction to entertain complaints that seek to bypass special statutory proceedings. "'This [is] tantamount to a holding that courts have no jurisdiction to hear [the] actions in the first place[.]'" *Id.*, quoting *State ex rel. Albright*, 60 Ohio St.3d 40, 42 (1991).).

{¶ 20} Therefore, in light of the foregoing, Temethy's "statements of the errors" are overruled.

{¶ 21} Accordingly, judgment is affirmed.

It is ordered that appellees recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
MARY J. BOYLE, PRESIDING JUDGE

ANITA LASTER MAYS, J., and
KATHLEEN ANN KEOUGH, J., CONCUR