[Cite as *Wilkes v. Williams*, 2026-Ohio-1727.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| Katrina Wilkes, | : | |
| Plaintiff-Appellant, | : | |
| | | No. 25AP-743 |
| v. | : | (M.C. No. 2025 CVF 30806) |
| Charah Williams et al., | : | (REGULAR CALENDAR) |
| Defendants-Appellees. | : | |

D E C I S I O N

Rendered on May 12, 2026

**On brief:** *Katrina Wilkes*, pro se. **Argued:** *Katrina Wilkes.*

**On brief:** *Cassone Law Offices, LLC*, and *Michael J. Cassone*, for appellees. **Argued:** *Michael J. Cassone.*

APPEAL from the Franklin County Municipal Court

EDELSTEIN, J.

{¶ 1} Plaintiff-appellant, Katrina Wilkes, appeals from the September 9, 2025 judgment of the Franklin County Municipal Court dismissing her complaint against defendants-appellees, Charah Williams and Tamara Perry, sua sponte, for lack of subject-matter jurisdiction. For the following reasons, we affirm.

## I. FACTS AND PROCEDURAL OVERVIEW

{¶ 2} On June 25, 2025, Ms. Wilkes filed a complaint against appellees, alleging a breach of the Ohio Landlord-Tenant Law under R.C. 5321.02 (retaliatory conduct by landlord). Ms. Wilkes's prayer for relief sought $15,000 in damages from Ms. Williams and $15,000 in damages from Ms. Perry. On September 9, 2025, the trial court entered a judgment dismissing Ms. Wilkes's complaint, sua sponte, for lack of subject-matter jurisdiction. Specifically, the trial court noted R.C. 1901.17 limits a municipal court's

jurisdiction "to claims that 'do[] not exceed fifteen thousand dollars.' " (Sept. 9, 2025 Entry, quoting R.C. 1901.17.)  The trial court found that "[b]ecause [Ms. Wilkes] is suing for $30,000, it is without question that this Court does not have jurisdiction over this claim as it exceeds the Court's monetary jurisdiction." (Sept. 9, 2025 Entry.)

{¶ 3}   Ms. Wilkes now appeals from that judgment and asserts the following sole assignment of error for our review:

> APPELLEES' COUNSEL, MICHAEL J. CASSONE, DIRECT
> AND BLATANT VIOLATION OF THE OHIO APPELLATE
> PROCEDURE, RULE 18, DIVISION(A).

(Emphasis omitted.)  (Sic passim.)  (Appellant's Brief at I.)

{¶ 4}   As an initial matter, we note that Ms. Wilkes's brief fails to comply with App.R. 16(A)(3) and 16(A)(7).  Under App.R. 12(A)(2), we are permitted to "disregard an assignment of error presented for review if the party raising it fails to identify in the record the error on which the assignment of error is based or fails to argue the assignment separately in the brief, as required under App.R. 16(A)."  *See also* App.R. 12(A)(1)(b) (requiring appellate courts to "[d]etermine the appeal on its merits on the assignments of error set forth in the briefs under App.R. 16").

{¶ 5}   Ms. Wilkes's statement of her sole assignment of error is procedurally deficient because it does not "identify in the record the error on which the assignment of error is based." App.R. 12(A)(2).  *See also* App.R. 16(A)(3).  Appellants bear the burden of demonstrating error on appeal by reference to the record of the proceedings below and must designate specific rulings by the trial court challenged on appeal.  *See, e.g.*, *Lee v. Ohio Dept. of Job & Family Servs.*, 2006-Ohio-6658, ¶ 9 (10th Dist.); *In re Guardianship of Williams*, 2022-Ohio-617, ¶ 26 (8th Dist.).  Here, Ms. Wilkes does not attribute error to the trial court's sua sponte dismissal of her complaint for lack of subject-matter jurisdiction or otherwise address the statutory limits on a trial court's jurisdiction to hear claims that exceed $15,000.

{¶ 6}   App.R. 16(A)(7) mandates that an appellant's brief include "[a]n argument containing the contentions of the appellant with respect to each assignment of error presented for review and the reasons in support of the contentions, with citations to the authorities, statutes, and parts of the record on which appellant relies."  Thus, Ms. Wilkes's

brief is also substantively deficient because she has not provided any cognizable argument or legal authority that would support reversal of the trial court's September 9, 2025 judgment. Instead, her brief mostly comprises of accusations against appellees' counsel, the trial court judge, and two judges of this court, the veracity of which is not properly before us on appeal.

{¶ 7} Based on Ms. Wilkes's noncompliance with App.R. 16(A)(3) and (7), we could disregard and summarily overrule her assignment of error. *See* App.R. 12(A)(2). *See also Angus v. Angus*, 2015-Ohio-2538, ¶ 10 (10th Dist.), citing *CitiMortgage, Inc. v. Asamoah*, 2012-Ohio-4422, ¶ 5 (10th Dist.); *Tonti v. Tonti*, 2007-Ohio-2658, ¶ 2 (10th Dist.). "Many times, however, appellate courts instead review the appealed judgment using the appellants' arguments in the interest of serving justice." *Angus* at ¶ 10. That said, if we "cannot understand an appellant's arguments, [we] cannot grant relief." *Id*., citing *State v. Dunlap*, 2005-Ohio-6754, ¶ 10 (10th Dist.). And, while we "will construe pro se filings generously, appellate courts cannot construct legal arguments for an appellant." *Id*., citing *Williams v. Barrick*, 2008-Ohio-4592, ¶ 24 (10th Dist.) and *Miller v. Johnson & Angelo*, 2002-Ohio-3681, ¶ 2 (10th Dist.).

{¶ 8} Notwithstanding the deficiencies in Ms. Wilkes's brief, in the interest of justice, we will review the propriety of the trial court's sua sponte dismissal of her complaint for lack of subject-matter jurisdiction.

## II. ANALYSIS

{¶ 9} At issue here is whether the trial court had subject-matter jurisdiction over the case below. For the reasons that follow, we find the trial court correctly determined it did not.

### A. Controlling Legal Standards

{¶ 10} The standard of review for dismissal pursuant to Civ.R. 12(B)(1) is whether any cause of action cognizable by the forum has been raised in the complaint. *State ex rel. Bush*, 42 Ohio St.3d 77, 80 (1989); *Nacelle Land & Mgt. Corp. v. Ohio Dept. of Natural Resources*, 65 Ohio App.3d 481, 483 (10th Dist. 1989); *Cotten v. Ohio Dept. of Rehab. & Corr*., 2018-Ohio-3392, ¶ 6 (10th Dist.).

{¶ 11} Subject-matter jurisdiction refers to a court's power to entertain and decide a particular class of cases on the merits.[1] *State v. Harper*, 2020-Ohio-2913, ¶ 23; *Bank of Am., N.A. v. Kuchta*, 2014-Ohio-4275, ¶ 19, citing *Morrison v. Steiner*, 32 Ohio St.2d 86, 87 (1972). Because a court is powerless to hear a case without subject-matter jurisdiction, " '[a] court's subject-matter jurisdiction is determined without regard to the rights of the individual parties involved in a particular case.' " *Corder v. Ohio Edison Co.*, 2020-Ohio-5220, ¶ 14, quoting *Kuchta* at ¶ 19. "Instead, 'the focus is on whether the forum itself is competent to hear the controversy.' " *Id.* at ¶ 14, quoting *Harper* at ¶ 23, citing 18A Wright, Miller & Cooper, *Federal Practice and Procedure*, Section 4428, at 6 (3d Ed. 2017) ("Jurisdictional analysis should be confined to the rules that actually allocate judicial authority among different courts."). Simply put, the existence of subject-matter jurisdiction is a " ' "condition precedent to [any] court's ability to hear the case. If a court acts without jurisdiction, then any proclamation by that court is void." ' " *Harper* at ¶ 23, quoting *Pratts v. Hurley*, 2004-Ohio-1980, ¶ 11, quoting *State ex rel. Tubbs Jones v. Suster*, 84 Ohio St.3d 70, 75 (1998).

{¶ 12} An appellate court reviews the issue of subject-matter jurisdiction de novo. *Hulbert v. Buehrer*, 2017-Ohio-844, ¶ 12 (10th Dist.), quoting *Klosterman v. Turnkey-Ohio, L.L.C.*, 2009-Ohio-2508, ¶ 19 (10th Dist.). *See also Pointer v. Smith*, 2021-Ohio-2247, ¶ 8 (10th Dist.), citing *Pankey v. Ohio Dept. of Rehab. & Corr.*, 2014-Ohio-2907, ¶ 7 (10th Dist.). De novo review requires an appellate court to independently review the trial court's decision without any deference to the trial court's determination. *See, e.g.*, *Dunlop v. Ohio Dept. of Job & Family Servs.*, 2012-Ohio-1378, ¶ 4 (10th Dist.); *Temethy v. Ohio Dept. of Job & Family Servs.*, 2026-Ohio-930, ¶ 9 (8th Dist.).

{¶ 13} Because a court is powerless to hear a case without subject-matter jurisdiction, a court may sua sponte raise the issue of subject-matter jurisdiction and dismiss the case if it finds it lacks subject-matter jurisdiction. *Cardi v. State*, 2012-Ohio-6157, ¶ 8 (10th Dist.). *See also Adams v. Cox*, 2010-Ohio-415, ¶ 19 (10th Dist.). Indeed,

---

[1] In comparison, "[a] court's jurisdiction over a particular case refers to the court's authority to proceed or rule on a case that is within the court's subject-matter jurisdiction." *Bank of Am., N.A. v. Kuchta*, 2014-Ohio-4275, ¶ 19, citing *Pratts v. Hurley*, 2004-Ohio-1980, ¶ 12. Unlike subject-matter jurisdiction, jurisdiction over a particular case involves consideration of the rights of the parties. *Id.* at ¶ 19. "Personal jurisdiction" refers to a court's power to render a valid judgment against a particular individual. *See, e.g.*, *State v. Henderson*, 2020-Ohio-4784, ¶ 36.

Civ.R. 12(H)(3) provides that "[w]henever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction on the subject matter, the court shall dismiss the action."

### B. Monetary Jurisdictional Limit Over Ms. Wilkes's Claim

{¶ 14} R.C. 1901.18 sets forth the subject-matter jurisdiction of municipal courts, which is subject to the monetary limitation set forth in R.C. 1901.17. *See, e.g.*, *Behrle v. Beam*, 6 Ohio St.3d 41, 43-44 (1983). Under R.C. 1901.17, municipal courts have jurisdiction "only in those cases in which the amount claimed by any party . . . ***does not exceed fifteen thousand dollars***." (Emphasis added.)

{¶ 15} When the monetary amount sought in a particular case exceeds the municipal court's limit, that court is without jurisdiction to decide the matter. *See, e.g.*, *State ex rel. Natl. Emp. Benefit Servs. v. Court of Common Pleas*, 49 Ohio St.3d 49, 50 (1990). A municipal court is required to dismiss an action where the relief sought is beyond the statutory monetary restrictions. *See id.*; *Williams Creek Homeowners Assn. v. Zweifel*, 2008-Ohio-2434, ¶ 102 (10th Dist.).

{¶ 16} In this case, Ms. Wilkes's complaint stated: "Charah Williams and Tamara Perry are in direct violation of Section 5321.02 of The Ohio Revised Code. Retaliation action by landlord prohibited. I am suing Charah Williams for $15,000.00. I am suing Tamara Perry for $15,000." (Sic passim.) (June 25, 2025 Compl.) There was no indication in Ms. Wilkes's complete demand for relief that her claims against Ms. Williams and Ms. Perry were pled in the alternative. Indeed, given Ms. Wilkes's use of separate sentences and separate lines in her demand for relief ("I am suing Charah Williams for $15,000.00. I am suing Tamara Perry for $15,000."), the trial court could have reasonably construed her demand for relief in the conjunctive, meaning in combination. *See, e.g.*, *Wells v. Murrell*, 2020-Ohio-5277, ¶ 10 (2d Dist.); *Lance Langan Water Jetting, Inc. v. Tiger Gen., Inc.*, 2005-Ohio-4541, ¶ 9 (9th Dist.) ("[b]ecause there is no indication that these claims were pled in the alternative, the demand for relief is in the conjunctive"); *Stewart v. Dina's Pizza and Pub, Inc.*, 2018-Ohio-3415, ¶ 10 (8th Dist.); *Turowski v. Apple Vacations, Inc.*, 2004-Ohio-33, ¶ 8 (9th Dist.) (where "there is no indication that . . . claims are pled in the alternative, the demand for relief is in the conjunctive"). Critically, too, Ms. Wilkes does not contend otherwise on appeal.

{¶ 17} Based on the foregoing, we find that, as pled in her complaint, Ms. Wilkes sought damages in the amount of $30,000 for claims alleged against appellees. This amount clearly exceeded the $15,000 monetary jurisdictional limit statutorily imposed on municipal courts. Accordingly, the trial court lacked subject-matter jurisdiction over this action and, thus, even assuming proper service on appellees, the court was unable to rule on Ms. Wilkes's motion for default judgment or otherwise determine any of the claims raised in Ms. Wilkes's complaint. As such, we find the trial court properly dismissed Ms. Wilkes's complaint for lack of subject-matter jurisdiction, in accordance with Civ.R. 12(B)(1) and (H)(3). For these reasons, we overrule Mr. Wilkes's sole assignment of error.

## III. CONCLUSION

{¶ 18} Having overruled Ms. Wilkes's sole assignment of error, we affirm the September 9, 2025 judgment of the Franklin County Municipal Court.

*Judgment affirmed.*

BEATTY BLUNT and MENTEL, JJ., concur.